Dan Thomas v. Linda Bilby-Knight, et. al.



NUMBER 13-01-034-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


DAN THOMAS, Appellant,


v.


LINDA BILBY KNIGHT AND METTIE FAYE DEGETAIRE, Appellees.

____________________________________________________________________


On appeal from the 411th District Court of Polk County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


Appellant, Dan Thomas, appeals from an order dismissing with prejudice his pro se, in forma pauperis suit under Chapter
14 of the Texas Civil Practice and Remedies Code. Appellant is an inmate at the Terrell Unit of the Texas Department of
Criminal Justice--Institutional Division. Appellant filed a lawsuit against appellees, Linda Bilby Knight and Mettie Faye
Degetaire, Terrell Unit Mailroom Supervisors, alleging they had violated his rights under 42 U.S.C.A. § 1983 and various
provisions of Texas law by interfering with his mail. Appellant filed an unsworn declaration of his inability to pay costs. (1)
Without a hearing, (2) the trial court dismissed appellant's lawsuit "with prejudice" because he failed to file a proper and
complete affidavit concerning previous filings, in violation of section 14.004 of the civil practice and remedies code. (3) In a
separate order, the court assessed all costs against appellant. This appeal ensued.

In two issues, appellant contends the trial court erred in dismissing his claims "with prejudice" and in assessing all costs
against him. We modify the trial court's dismissal order and affirm it, as modified. We affirm the trial court's costs order.

Inmate litigation (except suits brought under the family code) in which the inmate files an affidavit or unsworn declaration
of inability to pay costs is governed by special procedural rules set out in chapter fourteen of the civil practice and remedies
code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.001 (Vernon Supp. 2001). The legislature enacted this statute to control
the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial
resources with little offsetting benefits. Thomas v. Bilby, 40 S.W.3d 166, 169 (Tex. App.-Texarkana 2001, no
pet.);Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.-Waco 1996, no writ). The rules set out in chapter 14 may not be
modified or repealed by the regular rules of civil procedure. Tex. Civ. Prac. & Rem. Code Ann. § 14.014 (Vernon Supp.
2001). 

The trial court has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or malicious. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(a)(2) (Vernon Supp. 2001); Jackson v. Tex. Dep't of Crim. Justice - Institutional Div., 28
S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.
App.-Houston [1st Dist.] 1998, no pet.). In determining whether a claim is frivolous or malicious, the trial court may
consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or
fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same operative facts. Tex. Civ. Prac. & Rem. Code
Ann. § 14.003 (b) (Vernon Supp. 2001). 

The proper standard of review of the dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration
of inability to pay costs is whether the court abused its discretion. Jackson, 28 S.W.3d at 813; Barnum v. Munson, 998
S.W.2d 284, 286 (Tex. App.-Dallas 1999, pet. denied); McCollum v. Mt. Ararat Baptist Church, Inc., 980 S.W.2d 535, 536
(Tex. App.-Houston [14th Dist.] 1998, no pet.); Hickson, 926 S.W.2d at 398. To establish abuse of discretion, the
complaining party must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in
the case. Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984). Stated differently, abuse of discretion is
determined by examining whether the trial court acted without reference to any guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); McCollum, 980 S.W.2d at 536-37.

In his first issue, appellant does not complain that the trial court dismissed his lawsuit as frivolous, but rather that the case
should not have been dismissed "with prejudice" for failure to file an adequate affidavit of previous lawsuits, as required by
section 14.004 of the civil practice and remedies code. (4) 

The trial court dismissed appellant's suit and found that his affidavit of previous filings was insufficient to meet the
requirements of section 14.004. In that affidavit, appellant listed nine other lawsuits. (5) Although he stated the type of
relief sought for the nine listed lawsuits, he failed to state any operative facts for which relief was sought, failed to identify
each party named in the previous suits, failed to state the result of each suit, and failed to state the date of the final orders
affirming the dismissal if a previous suit was dismissed as frivolous or malicious. Because appellant did not meet the
requirements of section 14.004, the trial court was entitled to assume that this case was substantially similar to one
previously filed by appellant. Thus, the trial court did not abuse its discretion by dismissing appellant's suit as frivolous.
See Samuels v. Strain, 11 S.W.3d 404, 406-07 (Tex. App.-Houston [1st Dist.] 2000, no pet.).

However, dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried
and decided. See Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999); Mossler v. Shields, 818 S.W.2d 752, 754 (Tex.
1991). Therefore, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring
subsequent relitigation of the same causes of action or issues between the same parties. See Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 630-31 (Tex. 1992).

In this case, the court's dismissal with prejudice acts as a bar to any suit, arising out of the same facts, brought by appellant
against appellees. We hold that a dismissal for failure to comply with the conditions set out in section 14.004 is not a
dismissal on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the civil practice and
remedies code. See Denton v. Hernandez, 504 U.S. 25 (1992) (dismissal of an inmate's suit brought under the federal in
forma pauperis statute is not a dismissal on the merits, but it is merely an exercise of the trial court's discretion under the
statute); Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.-Houston [14th Dist.] 2000, no pet.). When an appellate court
reviews whether a trial court abused its discretion in dismissing an inmate's suit, it should consider whether the suit was
dismissed with prejudice and if the suit was, determine whether the inmate's error could be remedied through more specific
pleading. Denton, 504 U.S. at 34; Hickman, 35 S.W.3d at 124. If the error could be remedied, then a dismissal with
prejudice is improper. Accordingly, we sustain appellant's first issue.

In his second issue, appellant contends the trial court abused its discretion by ordering him to pay the court costs and fees
for his lawsuit. Specifically, appellant asserts that his lawsuit was filed in forma pauperis and, thus, he has substantially
complied with the requirements to proceed without payment of costs.

A court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with section
14.006 and section 14.007. See Tex. Civ. Prac. & Rem. Code Ann. § 14.006(a) (Vernon Supp. 2001).

After determining that appellant had incurred court costs and fees in the amount of $372.00, the trial court ordered that
appellant pay said amount out of his Inmate Trust Account as follows:


Pay an initial amount equal to the lesser of:

 


 20% of the preceding six month's deposits in the Inmate


Trust Account; or

 


 The total amount of fees and costs.




In each month following in which the initial payment is made above, the [appellant] shall pay an amount equal to the lesser of:

 


 10% of that month's deposit to the Inmate Trust Account; or


 


 the total amount of fees that remain unpaid.



Payments are to continue until the total amount certified is paid, or the [appellant] is released from confinement.

The trial court's order follows sections 14.006(b), (c), and (d) of the civil practice and remedies code. Tex. Civ. Prac. &
Rem. Code Ann. § 14.006(b), (c), & (d) (Vernon Supp. 2001). We hold the trial court did not abuse its discretion in
ordering that appellant pay the costs and fees incurred in the underlying suit. (6) Appellant's second issue is overruled.

We modify the trial court's order of dismissal by deleting the words "with prejudice" and substituting the words "without
prejudice." As modified, the trial court's dismissal order is affirmed. The trial court's order assessing all costs against
appellant is also affirmed.



FEDERICO G. HINOJOSA

Justice




Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 28th day of June, 2001.

1. Chapter 132 of the Texas Civil Practice & Remedies Code allows prison inmates to file unsworn declarations if they
meet certain requirements. Section 132.001 provides:


§ 132.001. Use by Inmates in Lieu of Sworn Declaration

(a) Except as provided by Subsection (b), an unsworn declaration made as provided by this chapter by an inmate in the
Texas Department of Corrections or in a county jail may be used in lieu of a written sworn declaration, verification,
certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.


(b) This chapter does not apply to an oath of office or an oath required to be taken before a specified official other than a
notary public. 

Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (Vernon 1997). Section 132.002 provides:

§ 132.002. Requirements of Declarations

An unsworn declaration made under this chapter must be:

(1) in writing; and

(2) subscribed by the person making the declaration as true under penalty of perjury.

Tex. Civ. Prac. & Rem. Code Ann. § 132.002 (Vernon 1997).

2. A trial court's decision on whether to hold a hearing is discretionary. See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(c) (Vernon Supp. 2001);Williams v. Brown, 33 S.W.3d 410, 411 (Tex. App.-Houston [1st Dist.] 2000, no pet.).

3. We recently reviewed a similar situation in Jackson v. Tex. Dep't of Crim. Justice - Institutional Div., 28 S.W.3d 811
(Tex. App.--Corpus Christi 2000, pet. denied). In Jackson, the trial court found an inmate's lawsuit to be frivolous and
dismissed it with prejudice. In his appeal, Jackson argued that the trial court had erred in dismissing his claims as
frivolous. Id. at 812. Jackson did not file a section 14.004 affidavit specifying previous filings, and we held the trial court
did not abuse its discretion in dismissing the lawsuit as frivolous. Id. at 814. Jackson did not argue that the trial court had
erred in dismissing his lawsuit with prejudice, and we did not address that issue. See Tex. R. App. P. 47.1.

4. Section 14.004 of the Texas Civil Practice & Remedies Code provides:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs should file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person
was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon Supp. 2001).

5. In addition to the nine suits appellant listed, appellant states, "I have other lawsuits known to be published and request
that judicial notice be taken of those published in the Southwestern Reporter. Other lawsuit[s] filed by me are unknown,
but known to the Tex. Atty. Gen., Austin, TX and can be supplied to the court, through discovery."

6. Appellant contends that Bonds v. Tex. Dep't of Crim. Justice, 953 S.W.2d 233 (Tex. 1997), holds that the failure to
comply with section 14.006 does not authorize the trial court to assess full costs to the inmate. Appellant has misread
Bonds. The issue in Bonds was whether the trial court could order the inmate to pay the total amount of court fees and
costs without requesting the department or jail to furnish the information to determine whether twenty percent of the
preceding six months' deposits to the inmate's trust account is a lesser sum when the inmate failed to file a certified copy of
his trust account statement with the court. Id. at 233. The supreme court held that section 14.006 does not authorize a trial
court to order payment of total court fees and costs merely because an inmate fails to comply with section 14.006(f). Id. at
233-34.