RENDON V. ROMAN CATHOLIC DIOCESE



NO. 07-01-0125-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 14, 2001


______________________________



DARIO RENDON, Jr., JUAN RENDON, RUDY RENDON, 


DANIEL RENDON, and RODNEY RENDON,




 Appellants


v.



 ROMAN CATHOLIC DIOCESE OF AMARILLO, MOST REVEREND LEROY T.
MATTHIESEN, HIS PREDECESSORS AND SUCCESSORS, AS BISHOP OF THE
ROMAN CATHOLIC DIOCESE OF AMARILLO; ROMAN CATHOLIC DIOCESE OF
LUBBOCK; MOST REVEREND PLACIDO RODRIGUEZ, HIS PREDECESSORS AND
SUCCESSORS, AS BISHOP OF THE ROMAN CATHOLIC DIOCESE OF LUBBOCK, AND
ARCHBISHOP MICHAEL J. SHEEHAN, PRESENTLY ARCHBISHOP OF THE DIOCESE
OF SANTA FE, NEW MEXICO, AND FORMERLY THE BISHOP OF THE ROMAN
CATHOLIC DIOCESE OF LUBBOCK



 Appellees

_________________________________________________



FROM THE 286th DISTRICT COURT OF HOCKLEY COUNTY;



NO. 95-06-16181A; HON. ANDY KUPPER, PRESIDING


_______________________________



BEFORE, BOYD, C.J., QUINN, AND REAVIS, J.J.


 Dario Rendon, Jr., Juan Rendon, Rudy Rendon, Daniel Rendon, and Rodney
Rendon (the Rendon children) appeal from a final summary judgment granted in favor of
the Roman Catholic Diocese of Amarillo, the Roman Catholic Diocese of Lubbock, Most
Reverend Leroy T. Matthiesen, Bishop of the Roman Catholic Diocese of Amarillo and his
predecessors and successors, Most Reverend Placido Rodriquez, Bishop of the Roman
Catholic Diocese of Lubbock, and his predecessors and successors, and Michael J.
Sheehan, Archbishop of the Diocese of Santa Fe, New Mexico and formerly the Bishop of
the Roman Catholic Diocese of Lubbock (collectively referred to as the Church). They
contend, through four issues, that the trial court erred in granting the judgment. We
disagree and affirm same.

Background


 The dispute concerns the sexual assault of Father Howell, a Roman Catholic priest,
upon the Rendon children, who were minors and Catholic parishioners at the time. 
According to the summary judgment evidence, the assaults occurred in the late 1970's and
early 1980's. In the Fall of 1986, the father of the boys, Dario Rendon Sr.,(Rendon Sr.)
informed Bishop Sheehan, then bishop of the Roman Catholic Diocese of Lubbock, of the
acts. Bishop Sheehan informed Rendon Sr. that he would "take action to take care of the
matter." The record does not disclose whether the two individuals ever broached the topic
again. However, in 1995, suit was filed against the Church and the estate of Father Howell
because they believed that Bishop Sheehan failed to "take action" as represented. The
Church moved for summary judgment, alleging, among other things, that limitations had
long since passed. The trial court granted the motion without specifying the particular
ground upon which it acted. (1) 


Standard of Review


 The standard by which we review summary judgments is well-known and need not
be repeated. Instead, we simply refer the parties to Rule 166a of the Texas Rules of Civil
Procedure, Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910 (Tex. 1997) and Nixon v.
Mr. Property Management Co. Inc., 690 S.W.2d 546 (Tex. 1985) (involving the standard
generally applicable to summary judgments).

 Limitations -- Estoppel

 The Rendon children did not dispute that limitations would have run on each of their
causes of action unless their claims were preserved through some theory of law. The
theory asserted below and urged on appeal is estoppel. Simply put, they contend that
misrepresentations uttered by Bishop Sheehan, while Bishop of the Lubbock Diocese, 
induced them to forego suit. Those misrepresentations consisted of the Bishop
supposedly informing Rendon, Sr. that "the Church would take care of the Boys, protect
the other children from Father Howell, and that legal action would be unnecessary." None
of the affidavits executed by the Rendon children and tendered to the trial court as
summary judgment evidence illustrate that the Rendon children heard the purported
misrepresentations said to their father or that they were present when the utterances were
made. Furthermore, that portion of the Rendon Sr. affidavit supposedly evincing the
misrepresentations consists of the italicized passages in the following quotation:

 In the fall of 1986, I [Rendon Sr.] discussed with Bishop Sheehan the
revelations that Father Rodney Howell had sexually abused some of my
sons while he served as a servant of the Diocese of Amarillo, under the
direction of Bishop Matthiesen, and the Diocese of Lubbock. He told me
that he would take action to take care of the matter. 
Because I trusted the Roman 

 Catholic Church and its Bishops, I believed that Bishop Sheehan would take
the necessary actions and that no legal action on my part would be
necessary.


(Emphasis added). 

 It is beyond dispute that estoppel may be invoked to defeat a claim of limitations. 
Furthermore, it may be invoked in two ways. For instance, a potential defendant's
concealment of facts from a plaintiff which facts are necessary for the plaintiff to know to
pursue a cause of action may prove fatal to the defense of limitations. Leonard v. Eskew,
731 S.W.2d 124, 128 (Tex. App.--Austin 1987, writ ref'd. n.r.e.). So too may one defeat
a limitations defense by establishing that the defendant engaged in conduct that induced
the plaintiff to forego a timely suit regarding a cause of action that the plaintiff knew
existed. Id. It is the latter means which the Rendon children pursued at bar. That is, they
assert that Bishop Sheehan induced them to delay suit. That being the tact pursued, to
succeed, the Rendon children must have presented some evidence illustrating that those
sued utilized words or conduct to induce them into delaying suit beyond the time permitted
by statute, unmixed with any want of diligence on their part. Palais Royal, Inc. v. Gunnells,
976 S.W.2d 837, 849 (Tex. App.--Houston [1st Dist.] 1998, pet. dism'd. by agr.); Leonard
v. Eskew, 731 S.W.2d at 129. Implicit in this test are the requirements that the plaintiffs
knew they had a cause of action, that the cause of action had accrued at the time the
inducement occurred, and that their initial and continued reliance upon the original
inducement was reasonable. Leonard v. Eskew, 731 S.W.2d at 129. As explained in
Leonard, a plaintiff must not have "'blindly relied upon a situation as being what it seemed
rather than as being what it in reality was.'" Id., quoting, Neal v. Pickett, 280 S.W. 748
(Tex. Comm. App. 1926, jdgmt adopted). Moreover, the conduct or words undertaken by
the prospective defendant must "amount[] to an affirmative inducement to delay bringing
the action." Ladd v. Knowles, 505 S.W.2d 662, 669 (Tex. App.--Amarillo 1974, writ ref'd.
n.r.e.). 

 In applying the foregoing law to the summary judgment at bar, we turn to the
affidavit executed by Rendon Sr. wherein the latter allegedly reiterates the words of Bishop
Sheehan. Upon doing so, we immediately see that Bishop Sheehan said nothing about
the Church "protect[ing] the other children from Father Howell, and that legal action would
be unnecessary." In suggesting otherwise, the Rendon children were mistaken. Rather,
it is Rendon Sr. who says that he (Rendon Sr.) "believed that Bishop Sheehan would take
the necessary actions and that no legal action on my part would be necessary." More
importantly, all that Bishop Sheehan uttered, according to the affidavit was that he (the
bishop) "would take action to take care of the matter." 

 The nature of the action that Bishop Sheehan purportedly intended to take went
unmentioned. Similarly unmentioned is any statement suggesting, much less illustrating,
that the two discussed the possibility of the Rendons initiating suit against anyone or that
the "legal action" which Rendon Sr. concluded was unnecessary involved a civil suit or a
criminal complaint. Nor did Rendon Sr. state that he informed Bishop Sheehan that he
thought the Rendon children or any other member of the Rendon family sought or needed
redress of any kind because of the alleged assault. Again, Rendon Sr. simply stated that
he revealed to the bishop that Father Howell had sexually abused some of the Rendon
children. 

 Again, we required, in Ladd, that the conduct or words allegedly heard by the
plaintiff evince "affirmative inducement to delay bringing [an] action." Without evidence
that anything more than the mere disclosure of criminal conduct occurred between Rendon
Sr. and Bishop Sheehan, without reference to a discussion about a claim, suit, redress or
compensation of any kind, we lack sufficient evidentiary foundation from which to
reasonably infer that a promise to "take action" comprised inducement to delay initiation
of a civil suit. See Roth v. FFP Operating Partners, 994 S.W.2d 190, 197 (Tex.
App.-Amarillo 1999, pet. denied) (stating that a vital fact may not be deduced by inferring
from inferences). To paraphrase Leonard and Neal, we must view the evidence not "'as
being what it seemed rather than as being what it in reality was.'" Here, in reality, the
record fell short of containing any evidence illustrating the presence of each element of
estoppel. Accordingly, at least one viable ground for summary judgment appears of record
and prevents us from holding that the trial court erred.

 We affirm the summary judgment executed below.


 Brian Quinn

 Justice


Publish.

1. The trial court severed the allegations against the Church from those levied against the Estate
of Father Howell.


h Dist.] 1998, pet. denied).
          We review a trial court’s dismissal of a lawsuit brought by an inmate who has filed
an affidavit or declaration of inability to pay costs for abuse of discretion. Thomas v.
Knight, 52 S.W.3d 292, 294 (Tex.App.–Corpus Christi 2001, pet. denied). A trial court
abuses its discretion when it acts arbitrarily or unreasonably in light of all of the
circumstances in the case or, stated another way, when the trial court acts without
reference to any guiding rules and principles. Id. 
          In the present case, the trial court dismissed Harrison’s suit due to “Plaintiff’s
violation of Chapter Fourteen of the Texas Civil Practice and Remedies Code.” In their
motion to dismiss, the defendants sought dismissal of Harrison’s lawsuit on the basis of
his failure to comply with the affidavit or unsworn declaration of prior filings requirement of
section 14.004, his failure to timely file his suit within 31 days after receiving written notice
of decision from the grievance system under section 14.005(b), and because the claims
Harrison asserted in his suit were frivolous or malicious. Our review of the trial court’s
dismissal of Harrison’s suit will address only the sufficiency of Harrison’s affidavit of
previous filings, as the insufficiency of this filing pretermits consideration of other bases for
the trial court’s dismissal under Chapter 14.
          Harrison’s affidavit identifies that he had only filed two previous pro se suits that he
had a duty to disclose under section 14.004. Harrison’s identification of a prior suit against
Northwest Texas Healthcare Systems indicates that he sought relief for gross negligence
under the Texas Medical Liability and Insurance Improvement Act. The other prior filing
identified by Harrison indicates that, at some time in 2003 or 2004, he filed a claim against
“agents and servant[s]” of the TDCJ-ID for “assault and battery negligence by a TDCJ
correctional officer at the Bill Clements unit . . . .” Neither of these identifications state the
operative facts for which relief was sought, rather, they state only the legal theory upon
which relief was sought. Based on the information contained in his affidavit, it was
impossible for the trial court to determine whether the claims alleged in Harrison’s current
suit were duplicative of his earlier filings.


 Because the trial court was unable to determine
if Harrison’s present suit was substantially similar to previous suits filed by Harrison, the
trial court was entitled to assume the current suit is substantially similar to those prior filings
and, therefore, is frivolous or malicious. See Samuels, 11 S.W.3d at 406; Bell, 962 S.W.2d
at 158. Thus, the trial court did not abuse its discretion by dismissing Harrison’s suit. See
Thomas, 52 S.W.3d at 295. 
          We further conclude that the fact that Harrison’s affidavit indicated that his prior
filings were asserted against different defendants is of no import. The trial court was
justified to assume that Harrison may have filed separate lawsuits against different
defendants arising from the same operative facts. See White v. State, 37 S.W.3d 562, 565
(Tex.App.–Beaumont 2001, no pet.). Since the trial court can dismiss a claim as frivolous
or malicious if it is substantially similar to a previous claim filed by the same inmate
because the claim arises from the same operative facts, see § 14.003(b)(4), we affirm the
trial court’s judgment.
Post-Judgment Filings
          We note that Harrison’s Motion for New Trial did not amend or supplement his
affidavit of previous filings and, thus, the trial court did not abuse its discretion in denying
same. As for Harrison’s request for findings of fact and conclusions of law, the record does
not reflect that Harrison filed a Notice of Past Due Findings of Fact and Conclusions of
Law, as required by Rule 297 of the Texas Rules of Civil Procedure.
Conclusion
          For the foregoing reasons, we affirm the trial court’s order of dismissal.
 
                                                                           Mackey K. Hancock

                                                                                     Justice