In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-302 CV


____________________



DAN THOMAS, Appellant



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 19969






MEMORANDUM OPINION



 Dan Thomas, a Texas Department of Criminal Justice--Institutional Division inmate,
sued the Texas Department of Criminal Justice ("TDCJ"), in forma pauperis, seeking
money damages, declaratory and injunctive relief. Thomas sought damages for personal
injuries alleged to have been suffered in attempting to climb into his top bunk at the
Polunsky Unit. He further alleged that, because of his stature and health problems, TDCJ
improperly assigned him to a top bunk when a lower bunk was available. The trial court
dismissed Thomas's suit as frivolous, pursuant to Section 14.003 of the Texas Civil
Practice and Remedies Code, with prejudice, because Thomas, in filing in forma pauperis,
failed to file an affidavit or unsworn declaration regarding previously-filed pro se lawsuits,
as required by Section 14.004. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003,
14.004 (Vernon 2002). Thomas's pro se brief contends the trial court's dismissal
constitutes an abuse of discretion, that the statute under which the trial court acted was
unconstitutional, and that dismissal with prejudice was improper.

 Thomas's suit was subject to the procedural requirements of Section 14 of the Texas
Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.002
(Vernon 2002). See Hines v. Massey, 79 S.W.3d 269, 271 (Tex. App.--Beaumont 2002,
no pet.). These requirements do not violate any constitutionally-protected right. See id. 
at 271; Thomas v. Bilby, 40 S.W.3d 166, 170-71 (Tex. App.--Texarkana 2001, no pet.). 
The legislature enacted Chapter 14 to control the flood of frivolous lawsuits filed in Texas
courts by prison inmates. Under Chapter 14, the trial court has broad discretion to dismiss
a lawsuit as frivolous or malicious. "In determining whether a suit is frivolous or
malicious, the trial court may consider: 1) whether the claim's realistic chance of ultimate
success is slight; 2) the claim has no arguable basis in law or fact; 3) it is clear that the
party cannot prove facts in support of the claim; or 4) the claim is substantially similar to
a previous claim filed by the inmate because the claim arises from the same operative
facts." Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.--Corpus Christi, 2001 pet.
denied), cert. denied, ____U.S.____, 123 S.Ct. 149, 154 L.Ed.2d 154 (2002). When an
inmate does not comply with the requirements of Section 14.004, the trial court is entitled
to assume the suit is substantially similar to one previously filed by the inmate and
frivolous, and may dismiss the suit. See Gowan v. Texas Dep't of Crim. Justice, 99
S.W.3d 319, 321-22 (Tex. App.--Texarkana 2003, no pet.).

 A dismissal for failure to comply with Section 14.004 is not an adjudication on the
merits. In this case, the dismissal was with prejudice. Dismissal with prejudice constitutes
an adjudication on the merits and operates as if the case had been fully tried and decided. 
See Thomas v. Knight, 52 S.W.3d at 295-96. Dismissal with prejudice for failure to
comply with Section 14.004 is improper. Id. 

 The trial court's order of dismissal is modified to delete the words "with prejudice."
As so modified, the order of the trial court is affirmed. 

 ______________________________

 DAVID B. GAULTNEY

 Justice 

 

Submitted on June 10, 2003

Opinion Delivered July 17, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.