NUMBER 13-02-156-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


DONALD RAY MCCRAY , Appellant,



v.




T. J. KING , Appellee.

___________________________________________________________________


On appeal from the 36th District Court

of Bee County, Texas.

__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez



 Appellant, Donald Ray McCray, brings this appeal following the dismissal of his case with prejudice as frivolous pursuant
to Chapter Fourteen of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)
(Vernon 2002). By one issue, appellant contends the trial court abused its discretion in dismissing his case. (1)

 As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here. Tex. R. App. P.
47.4. 

 The trial court has broad discretion under chapter fourteen to dismiss a lawsuit as frivolous or malicious. Thomas v.
Knight, 52 S.W.3d 292, 294 (Tex. App.-Corpus Christi 2001, pet. denied.); see Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a). In determining whether a claim is frivolous or malicious, the trial court may consider whether: (1) the claim's
realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party
cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002);
Thomas, 52 S.W.3d at 294.

 We review a trial court's dismissal of an inmate's lawsuit filed in forma pauperis under an abuse of discretion standard. 
Thomas, 52 S.W.3d at 294. To establish an abuse of discretion, the complaining party must show the trial court's action
was arbitrary or unreasonable in light of all the circumstances in the case. Id. 

 After reviewing the record, we find the trial court did not abuse its discretion in dismissing this case because the claim has
no arguable basis in law. See id.; Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2). Appellant filed suit against Harris
County Jail Commissary Sergeant T.J. King for allegedly denying him access to the courts by not providing postage for his
legal mail. However, there is nothing in the record to show that King was ever served. (2) See Tex. R. Civ. P. 124. Instead,
appellant served notice to Gary Johnson and Wayne Scott, both employees of the Texas Department of Criminal Justice,
Institutional Division. Neither were listed in appellant's petition and they were not factually involved in the alleged
incident. Appellant fails to provide any evidence to support a cause of action towards Johnson or Scott. See Thomas,52
S.W.3d at 294. Thus, we find the trial court did not abuse its discretion in granting Johnson and Scott's motion to dismiss. 
See id. 

 Accordingly, the judgment of the trial court is affirmed.



NELDA V. RODRIGUEZ

Justice 

Opinion delivered and filed 

this 17th day of July, 2003.

1. Appellant does not argue the trial court erred in dismissing his case with prejudice, thus we need not address that issue. 
See Tex. R. App. P. 47.1; Diles v. Henderson, 76 S.W.3d 807, 809 (Tex. App.-Corpus Christi 2002, no pet.). 

2. Moreover, we acknowledge that appellant identifies T.J. King as appellee in this case, however King is not an appellee
in this appeal as he was never served in the underlying lawsuit. See Tex. R. Civ. P. 124.