# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00855-CV

**Phillip Robinson, Appellant**

**v.**

**Carole Keeton Strayhorn, Comptroller of Public Accounts of the State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. GN502790, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this *pro se* appeal, appellant Phillip Robinson disputes the dismissal of his lawsuit challenging the sale of his corporate stock shares by appellee Carole Keeton Strayhorn, Comptroller of Public Accounts for the State of Texas, who held the property pursuant to the unclaimed property act. Finding that the trial court's order of dismissal was not an abuse of discretion, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Robinson, an inmate, ascertained that the Comptroller had received as unclaimed property Robinson's corporate stock shares and dividend checks. After Robinson successfully completed the Comptroller's procedures for claiming his property, the Comptroller issued him a check for $6,629.74, which consisted of the dividend checks and the proceeds from the sale of 112 shares of Allstate stock. In addition, the Comptroller reissued Robinson's unclaimed shares in Sears

and Morgan Stanley in his name. After receiving the Comptroller's check, but declining to cash it, Robinson brought a lawsuit *pro se* and *in forma pauperis* against the Comptroller, arguing that she failed to provide Robinson proper notice that the Comptroller had the property, and violated the unclaimed property act by selling the Allstate stock. *See* Tex. Prop. Code Ann. §§ 72.001-74.710 (West 1995 & Supp. 2006) (Unclaimed Property Act).

Robinson sought an order from the trial court compelling the Comptroller to repurchase the Allstate shares on his behalf. The Comptroller filed a motion to dismiss under section 14.003(a) of the civil practice and remedies code and, after a hearing, the trial court granted the motion.

## ANALYSIS

On appeal, Robinson contends that the trial court erred by granting the motion to dismiss.[1] A court may dismiss an *in forma pauperis* claim brought by an inmate if the court finds that (1) the allegation of poverty in the affidavit or unsworn declaration is false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn declaration required by chapter 14 of the civil practice and remedies code that the inmate knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (West 2002).

---

[1] Robinson also argues that the trial court erred by failing to rule on his motion for a bench warrant so he could attend the dismissal hearing; however, the record on appeal does not indicate Robinson made such a motion. An inmate does not have an absolute right to appear in person in every court proceeding. *In re Z. L. T.*, 124 S.W.3d 163, 165 (Tex. 2003). Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *Id.* Robinson had the burden to establish his right to relief, and he did not meet that burden here. *See id.* at 166.

2

We review a trial court's dismissal of an inmate's claim under section 14.003(a) under an abuse of discretion standard. *See Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A court abuses its discretion if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Because we find that it was not an abuse of discretion for the trial court to dismiss the lawsuit as frivolous or malicious, we need not address the other potential grounds for dismissal.

In determining whether a claim is frivolous or malicious, the code lists four factors a court may consider: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. Tex. Civ. Prac. & Rem. Code § 14.003(b) (West 2002).[2] In her motion to dismiss, the Comptroller argued that Robinson's claim had no arguable basis in law. A claim which has no arguable basis in law is one based upon an "indisputably meritless legal theory." *See Thomas v. Holder*, 836 S.W.2d 351, 352 (Tex. App.—Tyler 1992, no writ); *Thompson v. Ereckson*, 814 S.W.2d 805, 807 (Tex. App.—Waco 1991, no writ).

---

[2] Section 14.004 of the civil practice and remedies code requires an inmate filing a *pro se* claim to file an affidavit or unsworn declaration identifying other *pro se* claims he has filed in the past. If he fails to do so, a trial court is entitled to assume that the case is substantially similar to one previously filed, and may dismiss. *Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex. App.—Corpus Christi 2001, pet. denied); *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Robinson did not file the required documentation, and the Comptroller listed this deficiency as a ground for dismissal. Such a dismissal is an exercise of the trial court's discretion rather than on the merits, so the appropriate order is dismissal without prejudice. *Knight*, 52 S.W.3d at 295; *Hickman*, 35 S.W.3d at 124. Because the trial court dismissed Robinson's claim with prejudice, we presume that the dismissal was on the merits rather than the procedural grounds.

In his original petition, Robinson asserts that the Comptroller failed to provide him notice she had acquired his property, and violated provisions in the unclaimed property act by selling his stocks.

In support of his contention that the Comptroller failed to provide notice, Robinson cites section 71.103 of the property code. *See* Tex. Prop. Code Ann. § 71.103. This section, however, does not apply to the present facts; it applies to property that is subject to escheat proceedings under chapter 71, not unclaimed personal property presumed abandoned under chapter 72. *See id.* The relevant notice provisions in this instance are sections 74.201 through 74.205, but Robinson has produced nothing showing the Comptroller failed to comply with these provisions. *See id.* §§ 74.201-.205. On appeal, Robinson is required to bring forth a record showing error, and he has failed to do so on this issue.

Section 74.601(b)(2) of the unclaimed property act implicitly recognizes that the Comptroller has authority to sell securities: "The comptroller shall deposit to the credit of the general revenue fund . . . (2) all proceeds from the sale of any property, *including marketable securities*, under this chapter." *Id.* § 74.601(b) (emphasis added). The act also directs the Comptroller to invest unclaimed property for the benefit of the State and explicitly permits selling and buying securities:

(d)  Except as provided by Subsection (e), the comptroller shall from time to time invest the amount of unclaimed money in investments approved by law for the investment of state funds.

(e)  The comptroller may from time to time sell securities, including stocks, bonds, and mutual funds, received under this chapter or any other statute requiring the delivery of unclaimed property to the comptroller and use the proceeds to buy, exchange, invest, or reinvest in marketable securities. When making or selling

4

> the investments, the comptroller shall exercise the judgment and care of a prudent person.

*See id.* § 74.601(d)-(e); *Clark v. Strayhorn*, 184 S.W.3d 906, 911 (Tex. App.—Austin 2006, pet. denied).

While subsection (e) explicitly permits the Comptroller to use the proceeds of a sale of marketable securities only to buy, exchange, invest, or reinvest in marketable securities, it is clear from the statutory framework that this provision was meant to provide investing flexibility rather than to limit the Comptroller's actions. *See* Tex. Prop. Code Ann. § 74.601(e). The permissive "may" in subsection (e) indicates that the Comptroller *may* reinvest proceeds from marketable securities rather than deposit them in the general revenue fund as required by subsection (b); it does not, however, prevent the Comptroller from simply depositing the proceeds in the fund. *See id.* § 74.601(b), (e).

As authority that the Comptroller violated the unclaimed property act by selling his stock, Robinson cites section 74.401(a), which states that "the comptroller shall sell at public sale all personal property, *other than money and marketable securities,*" when the Comptroller receives certain property, including personal property presumed abandoned under chapter 72. *See id.* § 74.401(a) (emphasis added). While the cited statute does not authorize the sale of marketable securities at a public sale, it does not follow that the statute prohibits *any* sale of marketable securities. Rather, considering the statute's emphasis on selling unclaimed property in the most meaningful manner, the Comptroller exercised the judgment and care of a prudent person by selling marketable securities in the most meaningful manner, which is via the stock market, not public sale.

*See, e.g., id.* § 74.401(b) (requiring Comptroller to sell property to the highest bidder, but allowing the Comptroller to decline the highest bid if it is insufficient); § 74.601(e) (directing Comptroller to "exercise the judgment and care of a prudent person" when making or selling investments).

## CONCLUSION

Because Robinson failed to present a claim with an arguable basis in law, the trial court's order of dismissal was not an abuse of discretion, and we affirm.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   September 26, 2006

6