NO. 07-06-0428-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2007
_____

MICHAEL LOU GARRETT, APPELLANT

V.

JOE NUNN, ET AL, APPELLEES
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 94,426-B; HONORABLE JOHN B. BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Lou Garrett, appeals from an order dismissing, with prejudice, his *pro se*, *in forma pauperis* suit under Chapter 14 of the Texas Civil Practice and Remedies Code. Garrett is an inmate at the Allred Unit of the Texas Department of Criminal Justice, Institutional Division. Garrett filed a lawsuit against Joe S. Nunn and numerous other defendants working in or associated with the Clements unit for their alleged violations of Garrett's civil rights while Garrett was incarcerated in that unit. Without a hearing, the trial court granted the defendants' Motion to Dismiss Pursuant to

Chapter Fourteen of the Texas Civil Practice and Remedies Code and dismissed Garrett's lawsuit "with prejudice as frivolous." Through four issues, Garrett contends that the trial court abused its discretion in dismissing his suit for failure to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code (Garrett's second and third issues), dismissing Garrett's suit with prejudice (Garrett's fourth issue), and failing to rule on two pending motions before dismissing the suit (Garrett's first issue). We modify the trial court's dismissal order and affirm, as modified.

Dismissal

Inmate litigation, except for suits brought under the Family Code, in which the inmate files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set forth in Chapter 14 of the Texas Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon 2002).[1] The trial court has broad discretion to dismiss a lawsuit brought under Chapter 14 as frivolous or malicious. See § 14.003(a)(2). One factor that the trial court may consider in determining if an inmate's claim is frivolous or malicious is whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. § 14.003(b)(4). To allow the trial court to assess whether the inmate's claim arises from the same operative facts as a previous claim, the inmate must file an affidavit or unsworn declaration identifying with specificity each *pro se* suit that the inmate has previously brought. See § 14.004.

---

[1] Further reference to provisions of the Texas Civil Practice and Remedies Code will be by reference to "Chapter 14," "section __," or "§ __."

We review a trial court's dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs for abuse of discretion. Thomas v. Knight, 52 S.W.3d 292, 294 (Tex.App.–Corpus Christi 2001, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably in light of all of the circumstances in the case or, stated another way, when the trial court acts without reference to any guiding rules and principles. Id.

Because the trial court dismissed Garrett's suit without holding a hearing, we conclude that the dismissal was not based on the merits of the case. Rather, we conclude that the dismissal was granted on the basis of the trial court's finding that Garrett failed to comply with the requisites of Chapter 14. In their motion to dismiss, the defendants sought dismissal of Garrett's lawsuit on the basis of his failure to comply with the affidavit or unsworn declaration of prior filings requirement of section 14.004 and for his failure to timely file his suit within 31 days after receiving written notice of decision from the grievance system under section 14.005(b). We will address the timeliness of Garrett's lawsuit, the sufficiency of Garrett's statement of previous filings, and then the trial court's dismissal of this action "with prejudice."

Garrett's lawsuit focuses on issues raised in two separate grievance filings. The final resolution of these grievance filings were signed on January 26 and 27, 2006. Garrett filed his petition/complaint on April 28, 2006. Clearly, this is far in excess of the 31 day deadline established by section 14.005. However, section 14.005(a)(1) requires that an inmate subject to Chapter 14 file an affidavit or unsworn declaration stating the date upon which the inmate received the written decision from the grievance system upon which the

3

lawsuit is based. Garrett filed an "Affidavit of Grievance System Decision" in which he states that he received the written decision as to each of the applicable grievances upon which his suit is based on March 27, 2006. While Garrett contends that he received the grievance responses 32 days before his suit was filed with the clerk, the Texas Supreme Court has held that an inmate's claim is deemed filed at the time the prison authorities duly receive the documents to be mailed. Warner v. Glass, 135 S.W.3d 681, 684 (Tex. 2004). Garrett filed a declaration that he placed his petition/complaint into the prison mail system on April 24, 2006. As the defendants offered no evidence to challenge Garrett's allegations, we must accept the dates provided by Garrett. Thus, his petition/complaint was timely filed on the 28th day after his receipt of the written resolution of the grievance system. To the extent that Garrett's suit was dismissed for being untimely filed, we overrule the trial court's order.

However, timely filing a suit is not the only hurdle a *pro se* inmate must overcome under Chapter 14. In addition, the inmate must file an affidavit or unsworn declaration that identifies each suit, other than suits under the Family Code, previously brought by the inmate *pro se* and this affidavit or declaration must, *inter alia*, state the operative facts for which relief was sought. See § 14.004. In the present case, Garrett filed an Affidavit Relating to Previous Filings in which he identifies three prior state court filings and 10 prior federal court filings. In his identification of each of these previous filings, Garrett identifies the causes of action that he alleged by these suits rather than identifying the operative facts involved in the suits. As such, neither the trial court nor this court can determine

4

whether the present suit was substantially similar to one previously filed by appellant.[2]

Because we are unable to determine if the present suit is substantially similar to previous

suits filed by Garrett, we must assume the suit is substantially similar and is, therefore,

frivolous.  See Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex.App.–Houston [1st Dist.]

2000, pet. denied).  Thus, the trial court did not abuse its discretion by dismissing Garrett's

suit as frivolous.  See Thomas, 52 S.W.3d at 295.

While we conclude that the trial court did not abuse its discretion in dismissing

Garrett's suit, Garrett further challenges the trial court's dismissal of the suit with prejudice.

A dismissal with prejudice constitutes an adjudication on the merits and operates as if the

case had been fully tried and decided.  Id.  As a result, such a dismissal has full *res

judicata* and collateral estoppel effect which precludes subsequent litigation of the same

causes of action between the parties.  Id.  A dismissal for failure to comply with the

---

[2] Specifically, looking solely to the cases previously filed by Garrett in state court, Nunn, Hendrick, and Ward were all named defendants in Garrett's March 4, 2004 suit in which he claimed the defendants filed false and retaliatory discipline against him, denied him his due process rights, denied him access to the courts, and committed acts of harassment and retaliation against him for his filing of grievances.

Garrett's December 12, 2005 suit named Nunn, Sells, Hendrick, Early, Grimes, Zeller, Liles, Ward, and Baker as defendants and alleged that the defendants filed false and retaliatory discipline against him, denied him his due process rights, denied him access to the courts, and committed acts of harassment and retaliation against him for his filing of grievances.

Finally, Garrett's February 14, 2006 suit named Nunn, Sells, Early, Grimes, Ward, and Baker as defendants who allegedly filed false and retaliatory discipline against him, denied him his due process rights, denied him access to the courts, and committed acts of harassment and retaliation against him for his filing of grievances.

Each of these defendants are named defendants in Garrett's present suit and each of the identified causes of action alleged in Garrett's previous filings are urged in his present suit.  Thus, because Garrett provided no identification of the operative facts in these previous filings, we are unable to determine whether they are substantially similar to Garrett's current suit.

conditions set out in section 14.004 is not a dismissal on the merits. Id. In the present case, Garrett's failure to sufficiently identify the operative facts of his prior *pro se* suits could be remedied by him through more specific pleading and, therefore, the trial court's dismissal with prejudice was improper. Id. at 296.

As such, we modify the order of dismissal by deleting the words "with prejudice" and substituting the words "without prejudice." As modified, the trial court's dismissal order is affirmed.

## Failure to Rule on Motions

Garrett also contends that the trial court erred in failing to rule on Garrett's motions for temporary restraining order and injunction and for stay of the proceedings before dismissing the suit. However, because we have found that the trial court's dismissal of Garrett's complaint was not an abuse of discretion, its failure to consider Garrett's motions was also not an abuse of discretion. See Feist v. Williams, No. 07-00-0096-CV, 2001 Tex.App. LEXIS 5536, at *8-*9 (Tex.App.–Amarillo August 16, 2001, no pet.) (unpublished opinion).

## Conclusion

We modify the trial court's order of dismissal to substitute the words "without prejudice" for the words "with prejudice" and, as modified, affirm the order of dismissal.

Mackey K. Hancock
Justice

6