NO. 07-07-0322-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 25, 2008
_____

DAVIE HARRISON SR., APPELLANT

V.

WILLARD KIPER, ET AL., APPELLEES
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 34404; HONORABLE LEE WATERS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Davie Harrison, Sr., appeals from an order dismissing his *pro se*, *in forma pauperis* suit under Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

Harrison is an inmate at the Jordan Unit of the Texas Department of Criminal Justice, Institutional Division (hereafter, "TDCJ-ID"). On July 25, 2006, Harrison filed a "Criminal Information/Complaint" against Chaplain Willard Kiper, Grievance Investigator Glen Stouder, Assistant Warden L. Ellis, Volunteer Mike Riley, and other unnamed TDCJ-

ID employees for their alleged criminal abuse of official capacity under Texas Penal Code sections 39.02, 39.04, and 39.06. Subsequently, on August 15, 2006, Harrison filed an "Amended Criminal Complaint" that added a claim that the defendants were employing false and deceptive business practices to obtain property in violation of Texas Penal Code sections 32.32 and 32.42(b)(12). At the same time as the "Amended Criminal Complaint" was filed, Harrison also filed a hand-written "Amended Criminal Complaint" that alleged that "Captain Andis" made a terroristic threat against Harrison. On April 13, 2007, Harrison filed a motion to amend his previous filings to include claims against "Officer Willis," "Officer Richardson Jr.," "Assistant Warden Whitfield," Karl Parks, Lawana Richardson, Jane M. Cockerham, and Tammera Powers, each in their individual and official capacities, for physical injuries, mental anguish, and emotional distress he sustained as a result of defendant's use of restraints. Harrison also sought leave to amend his filing to add claims against Texas Tech University Health Science Center and Dr. D. Patel for medical negligence. On May 22, 2007, Harrison filed a document titled "Claims for Relief" which seeks declarations that each of Harrison's claims filed under the present cause number were true, injunctions ordering that Harrison be provided specialized medical treatment and be transferred to a minimum security medical unit in a different region, compensatory damages of $250,000, and punitive damages of $200,000. Additionally, Harrison filed multiple motions and complaints under the present cause. The defendants jointly filed a Motion to Dismiss Harrison's suit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon

2

2002).[1] Without a hearing, the trial court ordered the lawsuit "dismissed due to Plaintiff's violation of Chapter Fourteen of the Texas Civil Practice and Remedies Code." On July 11, 2007, Harrison filed a Motion for New Trial, which claimed, *inter alia*, that he had discovered the existence of x-rays of his claimed injuries after the trial court had dismissed his suit. Within his motion for new trial, Harrison requested the trial court make findings of fact and conclusions of law. It appears that Harrison's motion was overruled by operation of law. See TEX. R. CIV. P. 329b(c).

Through ten issues, Harrison challenges the dismissal of the lawsuit for failure to comply with the requirements of Chapter 14, the trial court's failure to consider Harrison's newly discovered evidence, and the trial court's failure to issue findings of fact and conclusions of law. We affirm the trial court's order of dismissal.

Dismissal

Inmate litigation, except for suits brought under the Family Code, in which the inmate files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set forth in Chapter 14. The trial court has broad discretion to dismiss a lawsuit brought under Chapter 14 as frivolous or malicious. See § 14.003(a)(2). One factor that the trial court may consider in determining if an inmate's claim is frivolous or malicious is whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. § 14.003(b)(4). To allow

---

[1] All references to "Chapter 14" will refer to Chapter 14 of the Texas Civil Practice and Remedies Code. Specific sections of Chapter 14 will be referenced by "section __" or "§ __."

the trial court to assess whether the inmate's claim arises from the same operative facts as a previous claim, the inmate must file an affidavit or unsworn declaration identifying, with specificity, each *pro se* suit that the inmate has previously brought. See § 14.004. When an inmate fails to provide the information required by section 14.004(a)(2), the trial court is entitled to assume the current suit is substantially similar to a previous claim. Samuels v. Strain, 11 S.W.3d 404, 406 (Tex.App.–Houston [1st Dist.] 2000, no pet.); Bell v. Texas Dep't of Crim. Justice–Institutional Div., 962 S.W.2d 156, 158 (Tex.App.–Houston [14th Dist.] 1998, pet. denied).

We review a trial court's dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs for abuse of discretion. Thomas v. Knight, 52 S.W.3d 292, 294 (Tex.App.–Corpus Christi 2001, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably in light of all of the circumstances in the case or, stated another way, when the trial court acts without reference to any guiding rules and principles. Id.

In the present case, the trial court dismissed Harrison's suit due to "Plaintiff's violation of Chapter Fourteen of the Texas Civil Practice and Remedies Code." In their motion to dismiss, the defendants sought dismissal of Harrison's lawsuit on the basis of his failure to comply with the affidavit or unsworn declaration of prior filings requirement of section 14.004, his failure to timely file his suit within 31 days after receiving written notice of decision from the grievance system under section 14.005(b), and because the claims Harrison asserted in his suit were frivolous or malicious. Our review of the trial court's dismissal of Harrison's suit will address only the sufficiency of Harrison's affidavit of

4

previous filings, as the insufficiency of this filing pretermits consideration of other bases for the trial court's dismissal under Chapter 14.

Harrison's affidavit identifies that he had only filed two previous *pro se* suits that he had a duty to disclose under section 14.004. Harrison's identification of a prior suit against Northwest Texas Healthcare Systems indicates that he sought relief for gross negligence under the Texas Medical Liability and Insurance Improvement Act. The other prior filing identified by Harrison indicates that, at some time in 2003 or 2004, he filed a claim against "agents and servant[s]" of the TDCJ-ID for "assault and battery negligence by a TDCJ correctional officer at the Bill Clements unit . . . ." Neither of these identifications state the operative facts for which relief was sought, rather, they state only the legal theory upon which relief was sought. Based on the information contained in his affidavit, it was impossible for the trial court to determine whether the claims alleged in Harrison's current suit were duplicative of his earlier filings.[2] Because the trial court was unable to determine if Harrison's present suit was substantially similar to previous suits filed by Harrison, the trial court was entitled to assume the current suit is substantially similar to those prior filings and, therefore, is frivolous or malicious. See Samuels, 11 S.W.3d at 406; Bell, 962 S.W.2d at 158. Thus, the trial court did not abuse its discretion by dismissing Harrison's suit. See Thomas, 52 S.W.3d at 295.

---

[2] The two previous suits identified by Harrison claimed violations of the Texas Medical and Insurance Improvement Act and physical injuries caused by correctional officers assaulting him. In the present suit, Harrison asserts claims for medical negligence and for physical injuries arising from the assaultive actions of correctional officers. Without any identification of the operative facts of the prior suits, the trial court could not have determined whether the present suit was based on different operative facts from Harrison's prior filings.

We further conclude that the fact that Harrison's affidavit indicated that his prior filings were asserted against different defendants is of no import. The trial court was justified to assume that Harrison may have filed separate lawsuits against different defendants arising from the same operative facts. See White v. State, 37 S.W.3d 562, 565 (Tex.App.–Beaumont 2001, no pet.). Since the trial court can dismiss a claim as frivolous or malicious if it is substantially similar to a previous claim filed by the same inmate because the claim arises from the same operative facts, see § 14.003(b)(4), we affirm the trial court's judgment.

## Post-Judgment Filings

We note that Harrison's Motion for New Trial did not amend or supplement his affidavit of previous filings and, thus, the trial court did not abuse its discretion in denying same. As for Harrison's request for findings of fact and conclusions of law, the record does not reflect that Harrison filed a Notice of Past Due Findings of Fact and Conclusions of Law, as required by Rule 297 of the Texas Rules of Civil Procedure.

## Conclusion

For the foregoing reasons, we affirm the trial court's order of dismissal.


Mackey K. Hancock
Justice

6