In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00005-CV
_____

**MICHAEL A. KENNEDY, Appellant**

**V.**

**TDCJ-ID DIRECTOR, STATE CLASSIFICATION COMMITTEE, TODD HARRIS, T. JEFFERSON, BELL, MAJOR LARUE, CAPT. V. MILLER, MAJOR DICKERSON, UNIT CLASSIFICATION COMMITTEE, UNIT GRIEVANCE DEPARTMENT, AND CAPTAIN REESE, Appellees**

**On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. CIV31334**

**MEMORANDUM OPINION**

*Pro se* appellant Michael A. Kennedy appeals from the trial court's dismissal of his lawsuit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (West 2017). Kennedy raises two issues for our consideration. We affirm the trial court's judgment.

1

## BACKGROUND

Kennedy, an inmate in the Polunsky unit, filed a *pro se* lawsuit against appellees, seeking an injunction and temporary restraining order prohibiting Kennedy's placement in administrative segregation, and Kennedy also alleged that he was denied recreation, food, and showers without due process of law. Kennedy sought to proceed *in forma pauperis*. Kennedy alleged that the wardens ordered him placed in administrative segregation without notice or hearing, appellees had failed to address grievances he had filed, and other inmates had threatened him. Kennedy asserted claims for emotional distress and cruel and unusual punishment, as well as punitive damages. At the bottom of his petition, Kennedy filed what purported to be an affidavit of previously filed lawsuits, but in that filing, Kennedy merely stated that he had not previously filed a lawsuit in any state or federal courts against the director of TDCJ-ID or the other appellees.

The trial judge signed an order dismissing without prejudice Kennedy's claims as frivolous. In its order, the trial court found that Kennedy failed to file a separate affidavit or declaration of previous filings; failed to fully describe each previous lawsuit; failed to list the style, cause number, and court in which previous suits were brought; failed to list each party named in a previous suit; failed to state the result of previous suits; failed to state the date of the final orders; and failed to

file a certified copy of his inmate trust account statement with his unsworn declaration. Kennedy filed a motion for arrest of judgment, motion to reinstate, and motion for new trial, and the trial judge signed an order denying the requested relief. Kennedy then appealed.

ANALYSIS

In his first issue, Kennedy complains that he was denied due process by being placed in administrative segregation without due process, and in his second issue, Kennedy argues that the trial court erred by failing to address his request for findings of fact. Kennedy argues that the trial court erred by dismissing his lawsuit because he complied with the requirements of Chapter 14. To the extent that Kennedy raises merits-based issues, such issues are not properly before this Court. *See Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex. App.—Corpus Christi 2001, pet. denied) (holding that a dismissal for failure to comply with Chapter 14 is not a dismissal on the merits).

We review the trial court's dismissal under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). We will affirm the trial court's dismissal if it was proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990). *In forma pauperis* suits by inmates, such as Kennedy's lawsuit, are governed by Chapter 14 of the Texas Civil

Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014. Section 14.004 requires an inmate who files an unsworn declaration of inability to pay costs to file a separate affidavit or declaration that identifies each action, other than one under the Family Code, previously brought by the inmate *pro se*, without regard to whether the person was an inmate when the suits were brought. *Id*. § 14.004(a)(1). The affidavit or declaration must describe *each* previously-brought action by stating the operative facts for which relief was sought; listing the case name, cause number, and court where the action was filed; identifying each party named in the action; and stating the result of the action. *Id*. § 14.004(a)(2).

As discussed above, Kennedy's declaration failed to identify all of his previous filings and instead simply stated that he had not previously sued these appellees. We conclude that the trial court did not abuse its discretion by dismissing Kennedy's case. *See id.* § 14.004(a). Accordingly, we overrule Kennedy's issues and affirm the trial court's order of dismissal.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 3, 2018
Opinion Delivered August 30, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.

4