**Gregory Peck SAMUELS, Appellant,**

v.

**Jerry STRAIN and Cheryl Kelley, Appellees.**

**No. 01–98–01360–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 13, 2000.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.*

## OPINION

SAM NUCHIA, Justice.

Appellant, Gregory Peck Samuels, appeals a judgment dismissing his case as frivolous. We affirm.

## BACKGROUND

Appellant, a prison inmate, alleged that on March 27, 1997, prison guards, Jerry Strain and Cheryl Kelley, committed theft and gross negligence and violated prison internal policy, denying him access to the courts and violating his freedom of speech, when they confiscated 11 United States postage stamps from his cell during a search. Appellant's grievance and administrative appeal were both denied. Appellant sued for damages and other relief.

Appellant moved for summary judgment. Appellees moved for summary judgment and responded to plaintiff's motion for summary judgment alleging that the trial court should dismiss the suit as frivolous because appellant did not comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. Specifically, appellees alleged that appellant did not list the operative facts of his prior civil suit H–96–2744, identify the parties involved, or state whether that suit was dismissed as frivolous. The court denied appellant's motion for summary judgment, granted appellees' motion for summary judgment, and dismissed the case, with prejudice, as frivolous. The court signed a supplemental order stating the court was granting appellees' motion to dismiss with prejudice as frivolous pursuant to sections 14.003 and 14.005 of the Texas Civil Practice and Remedies Code.[1]

Yvonne Gonzalez, John Cornyn, Scott Shepherd, Austin, for appellee.

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. We find no motion to dismiss in the record and conclude it was based on appellee's summary judgment motion.

## DISCUSSION

Appellant contends (1) he complied with sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code; (2) he did file his claim before the 31st day after the date he received the written decision from the grievance system; and (3) he did not timely receive defendants' motion for summary judgment under Texas Rules of Civil Procedure 166a(c).

■ Appellees assert the trial court did not abuse its discretion in dismissing appellant's suit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code.

In his original petition, appellant listed two prior civil suits under "Declaration of Previous Filing": H–96–1941 and H–96–2744. Appellant described suit H–96–1941 as a suit involving retaliation, harassment, and a false disciplinary charge for access to the court grievance system. Appellant listed the defendant in H–96–1941 as D. Broussard and stated the suit was dismissed as frivolous. With regard to suit H–96–2744, appellant did not list the operative facts, identify the parties or list whether case was dismissed as frivolous.

Section 14.003 provides that a trial court may dismiss a claim if the court finds the claim is frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon Supp.1999). In determining whether a claim is frivolous or malicious, the court may consider, among other things, whether the claim is "substantially similar" to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b)(4).

In making its determination under section 14.003, the court may also take into consideration the requirements imposed by section 14.004, which provides:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

*Id.* § 14.004.

■ We review a trial court's dismissal of an inmate's claim pursuant to section 14.003(a) under an abuse of discretion standard. *See Thomas v. Wichita General Hosp.*, 952 S.W.2d 936, 939 (Tex.App.— Fort Worth 1997, writ denied). A court abuses its discretion if it acts without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

In *Bell v. TDCJ–ID*, the Fourteenth Court of Appeals affirmed the trial court's dismissal of an inmate's suit because his affidavit did not meet the requirements of section 14.004. 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, rev.denied). Bell did not list the facts or the identity of the parties in four previous suits. *Id.* The court found that, without this required information, the trial court was unable to consider whether the current claim was substantially similar to a previous claim. *Id.* The trial court was entitled to assume the suit was substantially similar to one previously filed by Bell and did not abuse its discretion by dismissing it as frivolous. *Id.*

Here, the trial court did not give the reason for which it found the suit to be frivolous. Because appellant did not comply with the mandatory requirements of section 14.004(a)(2) with regard to suit H–96–2744, the trial court could have properly assumed this suit was "substantially similar" to the previous suit and, therefore, frivolous. We therefore .find the trial court did not abuse its discretion in dismissing the suit as frivolous.

 Appellant also argues that he did not timely receive appellees' summary judgment motion. Appellant was present at the October 30, 1998 hearing on appellees' motion for summary judgment and did not object, then or ever to lack of notice. Therefore, he has waived the complaint. *White v. Wah,* 789 S.W.2d 312, 319 (Tex.App.—Houston [1st Dist.] 1990, no writ).

Because we find the trial court did not err in dismissing appellant's suit as frivolous under section 14.004(a)(2), we need not address the timeliness of appellant's claim.

We overrule appellant's sole point of error.

We affirm the judgment.