NO. 07-03-0220-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 18, 2003


______________________________



DAN THOMAS
,




 Appellant


v.



TEXAS DEPT. OF CRIMINAL JUSTICE-


INST. DIV. & RICHARD MCKEE, 




 Appellees

_________________________________



FROM THE 258TH DISTRICT COURT OF POLK COUNTY;



NO. CIV20,089; HON. ELIZABETH E. COKER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant Dan Thomas (Thomas), an inmate with the Texas Department of Criminal
Justice (TDCJ) appeals from an order dismissing, without prejudice, his suit against the
TDCJ and Richard McKee (McKee). Through two issues, he contends that the trial court
erred in dismissing his suit 1) prior to service and 2) because it had arguable basis in fact. 
We affirm the dismissal.


Applicable Law


 The trial court dismissed the suit in accordance with §14.003(b)(4) of the Texas Civil
Practice and Remedies Code. The provision states that a trial court may consider whether
a claim is substantially similar to a prior claim in determining whether it is frivolous. Tex.
Civ. Prac. & Rem. Code Ann. §14.003(b)(4) (Vernon 2002). Statute further provides that
if the claim is held to be frivolous, it may be dismissed either before or after service of
process upon the defendant. Id. at §14.003(a)(2). Next, should the plaintiff fail to comply
with §14.004 of the same Code, the trial court may then assume that the action is similar
to another previously filed and, therefore, frivolous. (1) Thomas v. Knight, 52 S.W.3d 292,
295 (Tex. App.-Corpus Christi 2001, pet. denied); Samuels v. Strain, 11 S.W.3d 404, 406-07 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Finally, the provisions of §14.001 et seq.,
apply when an inmate sues as a pauper. Tex. Civ. Prac. & Rem. Code §14.002(2). 

Application of Law


 Issue One - Dismissal Before Service

 Thomas initially complains of the trial court dismissing the cause before the TDCJ
and McKee were served. We overrule the point.

 It is clear that Thomas was an inmate when the suit was initiated. Similarly clear
is that he sought to prosecute the matter as a pauper. Consequently, the provisions of
§14.001 et seq., of the Civil Practice and Remedies Code apply to him. 

 Next, and as previously stated, §14.003(a) grants the trial court authority to dismiss
a suit "either before or after service." (Emphasis added). Given that dismissal may occur
"before" service, we reject Thomas' contention that the trial court must have first caused
the defendants to be served before it could dismiss the action. 

 Issue Two - Arguable Claim

 In his second and last issue, Thomas asserts that the trial court erred in dismissing
his suit because his claim had an arguable basis in fact and law. We again overrule the
issue.

 It is clear that the trial court dismissed the suit, without prejudice, because it
deemed the matter frivolous per §14.003(b)(4). Similarly clear is that it deemed the matter
frivolous because Thomas did not comply with §14.004 of the Civil Practice and Remedies
Code. (2) That is, because he did not file an affidavit or declaration satisfying §14.004, the
trial court could have 1) reasonably assumed that the pending action was substantially
similar to a previous claim and 2) therefore dismissed the action. Given this, we conclude
that the trial court did not abuse its discretion in dismissing the cause without prejudice. 
Thomas v. Knight, supra; Samuels v. Strain, supra. 

 Accordingly, we affirm the order of dismissal.

 

 Brian Quinn

 Justice

1. Section 14.004 obligates an inmate to identify (by affidavit or declaration) each suit previously
brought by him and describe the operative facts, parties, cause number, court, and result. Tex. Civ. Prac.
& Rem. Code Ann. §14.004(a)(1) & (2) (Vernon 2002). 
2. Moreover, Thomas does not assert here that such an affidavit or declaration was filed. Nor do we
find one in the appellate record.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00375-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
27, 2010

 



 

CARLOS BARRIENTOS MARTINEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 121ST DISTRICT COURT OF YOAKUM
COUNTY;

 

NO. 2690; HONORABLE KELLY G. MOORE, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Carlos Barrientos
Martinez, pleaded guilty to possessing less than one gram of a controlled
substance,[1]
a state-jail felony, after the trial court overruled his motion to suppress the
evidence seized pursuant to a search warrant. 
The trial court imposed a two-year sentence, probated for five
years.  Appellant appeals the trial
courts ruling on his motion to suppress. 
We affirm.

 

 

Factual and Procedural History

            In
his sole issue on appeal, Martinez contends that the trial court erred by
overruling his motion to suppress because the affidavit in support of the
search warrant contained false statements from Denver City Police Officer Noe
Valdez.  Specifically, appellant
challenges the validity of the affidavit and the search warrant it supported on
the basis of Valdezs statement that the Ledo Street residence to be searched
was in the charge of and controlled by appellant at the time the affidavit was
made.  Appellant alleges that he was not
a resident of that house at that time and that Valdezs statement to the
contrary is a material falsehood made knowingly, intentionally, or recklessly
and, thus, it must be excised from the affidavit pursuant to Franks v.
Delaware, 438 U.S. 154, 15556, 98 S.Ct. 2674; 57 L.Ed.2d 667 (1978).  Further, according to appellant, excising the
misstatement would invalidate the warrant because it would no longer
specifically identify the premises to be searched.  

Standard of Review

            We
begin our review under the presumption that the affidavit in support of the
search warrant is valid.  See Cates
v. State, 120 S.W.3d 352, 355 (Tex.Crim.App.
2003).  We review the trial courts
ruling on a motion to suppress for abuse of discretion.  State v. Dixon, 206
S.W.3d 587, 590 (Tex.Crim.App. 2006). 
The determination of whether a probable cause affiants statement was
deliberately false or made with reckless disregard for the truth is a question
of fact, and we give great deference to the trial court in its role as the sole
trier of fact and judge of the credibility of the witnesses.  See Janecka v. State, 937
S.W.2d 456, 462 (Tex.Crim.App. 1996); Blocker v. State, 264 S.W.3d 356,
358 (Tex.App.Waco 2008, no pet.).

Analysis

            Ordinarily,
when we determine the validity of a search warrant affidavit, our review is
limited to the four corners of the affidavit. 
See Jones v. State, 833 S.W.2d 118,
123 (Tex.Crim.App. 1992).  However,
where the defendant makes a substantial preliminary showing that a false
statement knowingly and intentionally, or with reckless disregard for the
truth, was included by the affiant in the warrant affidavit, and if the
allegedly false statement is necessary to the finding of probable cause, the
Fourth Amendment requires that a hearing be held at the defendants
request.  Franks,
438 U.S. at 15556.  If the
defendant has made a substantial preliminary showing of deliberate falsity, the
trial court is required to go behind the four corners of the affidavit in a Franks evidentiary hearing.  Cates, 120 S.W.3d at
355 n.3.

            A
defendant makes a substantial preliminary showing and, thus, gains the right to
an evidentiary hearing, under Franks, by satisfying a three-part
test.  See Harris v. State,
227 S.W.3d 83, 85 (Tex.Crim.App. 2007).  First, the defendant must allege a deliberate
falsehood or reckless disregard for the truth by the affiant, specifically
pointing out the portion of the affidavit claimed to be false.  Id. 
Secondly, the defendant must accompany these allegations with an offer
of proof stating the support for such allegations.  Id. 
Finally, the defendant must show that, when the portion of the affidavit
alleged to be false is excised from the affidavit, the remaining content is
insufficient to support the issuance of the warrant.  Id.

            At
the hearing on the motion to suppress, the movant has the burden of
establishing the allegation of perjury or reckless disregard for the truth by a
preponderance of the evidence.  See Franks, 438 U.S. at 156; Harris, 227
S.W.3d at 85; Jordan v. State, 271 S.W.3d 850, 854 (Tex.App.Amarillo
2008, pet. refd).  If, after the
hearing, the trial court determines the defendant has met his burden of proof,
the false information contained in the warrant affidavit must be disregarded.  See Franks, 438 U.S. at 156. If
the remainder of the affidavit does not contain sufficient probable cause to
support the issuance, the warrant is voided and any evidence obtained as a
result of its issuance must be excluded. 
Id.

            As
we review the record to determine whether appellant met his burden of showing
deliberate falsity or reckless disregard for the truth, we are mindful that the
Fourth Amendment requires a truthful factual showing when determining probable
cause.  See id. at 16465.  Truthful,
however, does not mean that every fact recited in the affidavit is necessarily
correct.  Id. at
165.  Instead, truthful means
that the information put forth in the affidavit is believed or appropriately
accepted by the affiant as true.  Id.  The exclusionary rule in Franks does
not extend to instances in which the police act merely negligently in
collecting the facts alleged in the affidavit. 
See id. at 170.

            Appellant
testified that he had lived at the Ledo Street residence but that he had moved
out approximately six months prior to the execution of the search warrant.  At the time of the search, appellant was
living with his brother about two blocks away from the Ledo Street
residence.  He denied that he still had
some clothing at the Ledo Street residence. 
He admitted that he returned to his former residence to visit and drink
with his friends but that he only rarely stayed overnight there.

            Valdez
testified that, according to the information that [he] obtained, appellant
was living at the residence.  Valdez
explained that information from the confidential informant, whom he described
as reliable, and complaints from concerned citizens in that neighborhood led
him to believe that the premises to be searched were controlled by
appellant.  His surveillance of the
premises supported such a conclusion when Valdez observed appellant at the
residence.

            One
of appellants friends, a codefendant who lived at the residence, testified
that appellant had moved out approximately three months before the search but
still had clothing at the residence. 
From the witnesss description, those clothes were limited to some work
attire.  He added that appellant
frequently came over to the residence but did not have a key to the door.  He later clarified, though, that none of the
residents had a key and that they used a knife to gain access to the
residence.  He testified that appellant
no longer paid rent at the residence at the time of the search.

            We
assume, without deciding, that appellant sufficiently satisfied the three-part
test that would entitle him to a Franks hearing.  Based on evidence presented at the hearing,
we cannot say that the trial court abused its discretion by determining that
Valdezs statement was not deliberately false or made with reckless disregard
for the truth.  See Janecka,
937 S.W.2d at 465. 
The evidence shows that appellant had lived at the residence and
frequently visited there.  Valdez
testified that he had obtained the information in the affidavit from the confidential
informant, neighborhood complaints, and his own surveillance.  Based on such evidence, the trial court could
have rejected appellants allegation that Valdez included the challenged
statement in the affidavit knowing that such statement was false or in reckless
disregard for the truth.  See Blocker,
264 S.W.3d at 35960 (observing, during discussion of Franks claim, that
even if defendant were only a houseguest, living in the trailer with the
permission of the host, he had apparent authority over the residence).  Affording the trial court proper deference in
making such a factual determination, we overrule appellants sole issue on
appeal.  See Janecka, 937 S.W.2d at 462.

Conclusion

            Having
overruled appellants sole issue on appeal, we affirm the trial courts judgment.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.   











[1] See Tex. Health & Safety Code Ann. §
481.115(b) (Vernon Supp. 2009).