NO. 07-03-0220-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 18, 2003

_____

DAN THOMAS,

Appellant

v.

TEXAS DEPT. OF CRIMINAL JUSTICE-
INST. DIV. & RICHARD MCKEE,

Appellees

_____

FROM THE 258TH DISTRICT COURT OF POLK COUNTY;

NO. CIV20,089; HON. ELIZABETH E. COKER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Dan Thomas (Thomas), an inmate with the Texas Department of Criminal Justice (TDCJ) appeals from an order dismissing, without prejudice, his suit against the TDCJ and Richard McKee (McKee). Through two issues, he contends that the trial court erred in dismissing his suit 1) prior to service and 2) because it had arguable basis in fact. We affirm the dismissal.

## Applicable Law

The trial court dismissed the suit in accordance with §14.003(b)(4) of the Texas Civil Practice and Remedies Code. The provision states that a trial court may consider whether a claim is substantially similar to a prior claim in determining whether it is frivolous. TEX. CIV. PRAC. & REM. CODE ANN. §14.003(b)(4) (Vernon 2002). Statute further provides that if the claim is held to be frivolous, it may be dismissed either before or after service of process upon the defendant. *Id.* at §14.003(a)(2). Next, should the plaintiff fail to comply with §14.004 of the same Code, the trial court may then assume that the action is similar to another previously filed and, therefore, frivolous.[1] *Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex. App.–Corpus Christi 2001, pet. denied); *Samuels v. Strain*, 11 S.W.3d 404, 406-07 (Tex. App.–Houston [1st Dist.] 2000, no pet.). Finally, the provisions of §14.001 *et seq.*, apply when an inmate sues as a pauper. TEX. CIV. PRAC. & REM. CODE §14.002(2).

## Application of Law

*Issue One – Dismissal Before Service*

Thomas initially complains of the trial court dismissing the cause before the TDCJ and McKee were served. We overrule the point.

It is clear that Thomas was an inmate when the suit was initiated. Similarly clear is that he sought to prosecute the matter as a pauper. Consequently, the provisions of §14.001 *et seq.,* of the Civil Practice and Remedies Code apply to him.

---

[1]Section 14.004 obligates an inmate to identify (by affidavit or declaration) each suit previously brought by him and describe the operative facts, parties, cause number, court, and result. TEX. CIV. PRAC. & REM. CODE ANN. §14.004(a)(1) & (2) (Vernon 2002).

2

Next, and as previously stated, §14.003(a) grants the trial court authority to dismiss a suit "either *before* or after service." (Emphasis added). Given that dismissal may occur "before" service, we reject Thomas' contention that the trial court must have first caused the defendants to be served before it could dismiss the action.

*Issue Two – Arguable Claim*

In his second and last issue, Thomas asserts that the trial court erred in dismissing his suit because his claim had an arguable basis in fact and law. We again overrule the issue.

It is clear that the trial court dismissed the suit, without prejudice, because it deemed the matter frivolous per §14.003(b)(4). Similarly clear is that it deemed the matter frivolous because Thomas did not comply with §14.004 of the Civil Practice and Remedies Code.[2] That is, because he did not file an affidavit or declaration satisfying §14.004, the trial court could have 1) reasonably assumed that the pending action was substantially similar to a previous claim and 2) therefore dismissed the action. Given this, we conclude that the trial court did not abuse its discretion in dismissing the cause without prejudice. *Thomas v. Knight*, *supra*; *Samuels v. Strain*, *supra*.

Accordingly, we affirm the order of dismissal.


Brian Quinn
Justice


---

[2]Moreover, Thomas does not assert here that such an affidavit or declaration was filed. Nor do we find one in the appellate record.