NO. 07-06-0192-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 8, 2006



______________________________




ALLSUP'S CONVENIENCE STORES, INC., APPELLANT



V.



PATRICK ANDERSON, APPELLEE




_________________________________



FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;



NO. 9211; HONORABLE GORDON H. GREEN, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pending before this Court is Allsup's Convenient Stores, Inc.'s motion to dismiss this
appeal representing the parties have reached a confidential compromise and settlement
agreement, and they no longer wish to prosecute the appeal. See Tex. R. App. P.
42.1(a)(1). We grant the motion and per the motion assess costs against the party
incurring them. Having dismissed the appeal at the request of appellant, no motion for
rehearing will be entertained and our mandate will issue forthwith. 

 Don H. Reavis

 Justice


 



rial court dismissed the suit in accordance with §14.003(b)(4) of the Texas Civil
Practice and Remedies Code. The provision states that a trial court may consider whether
a claim is substantially similar to a prior claim in determining whether it is frivolous. Tex.
Civ. Prac. & Rem. Code Ann. §14.003(b)(4) (Vernon 2002). Statute further provides that
if the claim is held to be frivolous, it may be dismissed either before or after service of
process upon the defendant. Id. at §14.003(a)(2). Next, should the plaintiff fail to comply
with §14.004 of the same Code, the trial court may then assume that the action is similar
to another previously filed and, therefore, frivolous. (1) Thomas v. Knight, 52 S.W.3d 292,
295 (Tex. App.-Corpus Christi 2001, pet. denied); Samuels v. Strain, 11 S.W.3d 404, 406-07 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Finally, the provisions of §14.001 et seq.,
apply when an inmate sues as a pauper. Tex. Civ. Prac. & Rem. Code §14.002(2). 

Application of Law


 Issue One - Dismissal Before Service

 Thomas initially complains of the trial court dismissing the cause before the TDCJ
and McKee were served. We overrule the point.

 It is clear that Thomas was an inmate when the suit was initiated. Similarly clear
is that he sought to prosecute the matter as a pauper. Consequently, the provisions of
§14.001 et seq., of the Civil Practice and Remedies Code apply to him. 

 Next, and as previously stated, §14.003(a) grants the trial court authority to dismiss
a suit "either before or after service." (Emphasis added). Given that dismissal may occur
"before" service, we reject Thomas' contention that the trial court must have first caused
the defendants to be served before it could dismiss the action. 

 Issue Two - Arguable Claim

 In his second and last issue, Thomas asserts that the trial court erred in dismissing
his suit because his claim had an arguable basis in fact and law. We again overrule the
issue.

 It is clear that the trial court dismissed the suit, without prejudice, because it
deemed the matter frivolous per §14.003(b)(4). Similarly clear is that it deemed the matter
frivolous because Thomas did not comply with §14.004 of the Civil Practice and Remedies
Code. (2) That is, because he did not file an affidavit or declaration satisfying §14.004, the
trial court could have 1) reasonably assumed that the pending action was substantially
similar to a previous claim and 2) therefore dismissed the action. Given this, we conclude
that the trial court did not abuse its discretion in dismissing the cause without prejudice. 
Thomas v. Knight, supra; Samuels v. Strain, supra. 

 Accordingly, we affirm the order of dismissal.

 

 Brian Quinn

 Justice

1. Section 14.004 obligates an inmate to identify (by affidavit or declaration) each suit previously
brought by him and describe the operative facts, parties, cause number, court, and result. Tex. Civ. Prac.
& Rem. Code Ann. §14.004(a)(1) & (2) (Vernon 2002). 
2. Moreover, Thomas does not assert here that such an affidavit or declaration was filed. Nor do we
find one in the appellate record.