COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-08-186-CV

 

 

MICHAEL LOU GARRETT                                                      APPELLANT

 

                                                      V.

 

DORSEY RAY TRAPP                                                               APPELLEE

 

                                                  ------------

 

              FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------








Appellant Michael Lou
Garrett, a Arecreational
and abusive litigant,@[2] appeals from an order dismissing his pro se, in forma pauperis suit
brought under chapter 14 of the civil practice and remedies code against
Appellee Dorsey Ray Trapp.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.001B.014 (Vernon
2002).  In three issues, Garrett argues
that the trial court erred and abused its discretion by dismissing his suit and
by denying his motion for sanctions.  We
will affirm.

Garrett is an inmate at the
Allred Unit of the Texas Department of Criminal Justice.  Trapp is the District Clerk of Wichita
County.  On March 7, 2008, Garrett sued
Trapp, complaining of numerous acts or omissions allegedly committed by Trapp
in relation to Trapp=s handling
of matters concerning one or more other lawsuits filed by Garrett.  Garrett included with his petition an AAffidavit Relating to Previous Filings by Plaintiff.@  The affidavit states that
Garrett filed previous lawsuits in state court on March 4, 2004; December 12,
2005; February 14, 2006; April 28, 2006; February 26, 2007; September 4, 2007;
December 21, 2007; and February 13, 2008. 
The affidavit further states that Garrett filed previous lawsuits in
federal court in March 1997 and on October 17, 1997; December 17, 1997;
February 19, 1998; April 30, 1998; August 28, 1998; May 10, 1999; August 28,
2000; January 31, 2002; and April 4, 2003. 
The affidavit sets forth other information related to the lawsuits as
required by chapter 14.








Trapp filed a motion to
dismiss Garrett=s claims,
arguing that Garrett failed to provide a complete affidavit in compliance with
section 14.004 of the civil practice and remedies code and that the claims are
frivolous under section 14.003(a)(2). 
Garrett filed a response that included a motion for sanctions pursuant
to chapter 10 of the civil practice and remedies code.  On April 23, 2008, the trial court signed an
order granting Trapp=s motion and
dismissing Garrett=s case with
prejudice.

In his first and second
issues, Garrett argues that the trial court erred and abused its discretion by
dismissing his claims and lawsuit pursuant to sections 14.004(a)(1) and
14.003(a)(2) of the civil practice and remedies code.

Chapter 14 of the civil
practice and remedies code governs suits brought by an inmate in which the
inmate files an affidavit or unsworn declaration of inability to pay
costs.  Tex. Civ. Prac. & Rem. Code
Ann. ' 14.002(a); Garrett v. Williams, 250 S.W.3d 154, 157 (Tex.
App.CFort Worth 2008, no pet.).  The
legislature enacted this statute to control the flood of frivolous lawsuits
being filed in Texas courts by prison inmates because these suits consume many
valuable judicial resources with little offsetting benefits.  Garrett, 250 S.W.3d at 157; Bishop
v. Lawson, 131 S.W.3d 571, 574 (Tex. App.CFort Worth 2004, pet. denied). 
The purpose of chapter 14 is not to punish inmates for filing claims,
but to aid the court in determining whether an inmate=s claim is frivolous.  Garrett,
250 S.W.3d at 157.








An inmate who files an
affidavit or unsworn declaration of inability to pay costs shall file a
separate affidavit or declaration (1) identifying each suit, other than a suit
under the Family Code, previously brought by the person and in which the person
was not represented by an attorney, without regard to whether the person was an
inmate at the time the suit was brought and (2) describing each suit that was
previously brought by, among other things, stating the operative facts for
which relief was sought and stating the result of the suit, including whether
the suit was dismissed as frivolous or malicious under section 13.001 or
section 14.003 or otherwise.  Tex. Civ.
Prac. & Rem. Code Ann. ' 14.004(a)(1), (a)(2)(A), (D). 
The purpose of the section 14.004 affidavit is to enable the trial court
to determine, based on the previous filings, whether the pending lawsuit is
frivolous because it is substantially similar to a prior claim filed by the
inmate.  Spurlock v. Johnson, 94
S.W.3d 655, 657B58 (Tex.
App.CSan Antonio 2002, no pet.).








A court may dismiss a claim
if the court finds that the allegation of poverty in the affidavit or unsworn
declaration is false, if the claim is frivolous or malicious, or if the court
finds that the inmate filed an affidavit or unsworn declaration required by
this chapter that the inmate knew[3]
was false.  Tex. Civ. Prac. & Rem.
Code Ann. ' 14.003(a).  In determining whether a claim is frivolous
or malicious, the court may consider, among other things, whether the claim=s realistic chance of ultimate success is slight and whether the claim
is substantially similar to a previous claim filed by the inmate because the
claim arises from the same operative facts. 
Id. ' 14.003(b)(1),
(4).  When an inmate fails to provide the
information required by section 14.004(a)(2), the trial court is entitled to
assume that the current suit is substantially similar to a previous claim.  Samuels v. Strain, 11 S.W.3d 404, 406B07 (Tex. App.CHouston [1st
Dist.] 2000, no pet.).








We review a trial court=s dismissal of an inmate=s claim under chapter 14 under an abuse of discretion standard.  Garrett, 250 S.W.3d at 158; Bishop,
131 S.W.3d at 574.  A trial court abuses
its discretion if it acts arbitrarily, capriciously, and without reference to
guiding rules or principles.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).  We will affirm the dismissal if it was proper
under any legal theory.  Johnson v.
Lynaugh, 796 S.W.2d 705, 706B07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.CWaco 1991, writ denied); Rhodes v. Poland, No. 12-08-00060-CV,
2008 WL 4491468, at *1B2 (Tex. App.CTyler Oct. 8, 2008, no pet. h.) (affirming trial court=s orderCwhich
dismissed inmate=s chapter 14
suit as frivolousCon the
ground that government code section 508.0441 does not conflict with article IV,
section 11 of the Texas constitution). 
Trial courts are given broad discretion to determine whether an inmate=s in forma pauperis suit should be dismissed because (1) prisoners
have a strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims accrue to the benefit of state officials, courts, and
meritorious claimants.  Montana v.
Patterson, 894 S.W.2d 812, 814B15 (Tex. App.CTyler 1994,
no writ).

Here, Trapp attached as an
exhibit to his motion to dismiss a 2003 federal court order denying Garrett=s motion for leave to file suit. 
The order states in part the following:








The
Court takes judicial notice of the contents of the U.S. Party/Case Index for
Michael Lou Garrett TDCJ-ID #258594 and notes that GARRETT has sustained at
least five dismissals which fulfill the Athree strikes@
provision of the PLRA.  Cause no.
99-41449 was dismissed by the United States Court of Appeals for the Fifth
Circuit as frivolous; cause no. 3:97-CV-0705 was dismissed by the United States
District Court for the Southern District of Texas, Galveston Division, on June
10, 1999, as frivolous; cause no. 3:98-CV-0097 was dismissed by the United
States District Court for the Southern District of Texas, Galveston Division,
on December 6, 1999, as frivolous; cause no. 3:7-CV-0156 was dismissed by the
United States District Court for the Southern District of Texas, Galveston
Division, on May 27, 1998; and cause no. 99-40796 was dismissed by the United
States Court of Appeals for the Fifth Circuit on May 10, 2000, as frivolous.

 

Trapp also attached to his motion a 2004 federal
court order (in cause number 2:03-MC-0012) declining to grant Garrett relief
from sanctions previously imposed.  The
order states that in addition to previously filed habeas corpus petitions in
cause numbers 2:01-CV-0209 and 2:03-MC-0002, Garret had also submitted habeas
corpus petitions in cause numbers 2:03-MC-0013, 2:04-MC-002, and
2:04-MC-0003.  The order mentioned that
Garrett had used habeas corpus forms in an attempt to circumvent the Athree strikes@ bar in
cause number 2:01-CV-0035.








Garrett acknowledged in his
petition that he was required to file an affidavit relating to previously filed
lawsuits.  In his affidavit, he declared,
certified, and verified under penalty of perjury that the affidavit is true and
correct.  Although Garrett listed
multiple lawsuits that he had filed in state and federal court, he did not
identify and include a description of cause numbers 2:03-MC-0013, 2:04-MC-0002,
2:04-MC-0003, 2:01-CV-0035, 3:98-CV-0097, and 2:03-MC-0012.[4]  Because those cause numbers were not included
in the affidavit, Garrett did not include the information required by chapter
14 describing the previous lawsuits, including the operative facts for which
relief was sought.  Garrett also failed
to mention in the affidavit that at least two of the lawsuits that he filed had
been dismissed as frivolous.








Because Garrett failed to
include in his affidavit the information required by section 14.004(a)(2), the
trial court could have assumed that Garrett=s suit was substantially similar to a previous claim and,
consequently, exercised its broad discretion and dismissed Garrett=s in forma pauperis suit on the ground that the claims were
frivolous.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 14.003(a)(2);
Samuels, 11 S.W.3d at 407; Montana, 894 S.W.2d at 814B15; see also Carson v. Walker, 134 S.W.3d 300, 302B03 (Tex. App.CAmarillo
2003, pet. denied) (affirming trial court=s dismissal of appellant=s in forma pauperis suit). 
Considering Garrett=s acknowledgment in his petition of the requirement that he file an
affidavit of previously filed suits, his declaration, certification, and
verification that the affidavit is true and correct, the 2004 federal court
order stating that Garrett had attempted to circumvent the federal Athree strikes@ rule
before, and his failure to submit an affidavit accurately setting forth Aeach suit . . . previously brought by@ him, the trial court also could have exercised its broad discretion
and dismissed Garrett=s in forma
pauperis suit on the ground that Garrett filed an affidavit required by the
chapter that he knew was false.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a)(3). 
Accordingly, we hold that the trial court did not abuse its discretion
by dismissing Garrett=s claims
against Trapp.  We overrule Garrett=s first and second issues.

In his third issue, Garrett
argues that the trial court erred and abused its discretion by denying his
motion for sanctions.  He contends that
Trapp=s motion to dismiss was frivolous and that he was entitled to
sanctions pursuant to chapter 10 of the civil practice and remedies code.  Having determined that the trial court did
not abuse its discretion by dismissing Garrett=s claims against Trapp, we further hold that the trial court did not
err and abuse its discretion by denying Garrett=s motion for sanctions.  We
overrule Garrett=s third
issue.

Having overruled Garrett=s issues, we affirm the trial court=s order dismissing Garrett=s suit against Trapp.

 

PER CURIAM

PANEL: 
HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: 
December 4, 2008











[1]See Tex.
R. App. P. 47.4.





[2]A
March 18, 2004 federal court order declining to grant Garrett relief from
sanctions previously imposed states, AGarrett is a recreational and
abusive litigant and has suffered at least five (5) strikes under the Prison
Litigation Reform Act (APLRA@) for
frivolous filings.@





[3]A
person acts knowingly with respect to the nature of his conduct or to
circumstances surrounding his conduct when he is aware of the nature of his
conduct or that the circumstances exist. 
Tex. Penal Code Ann. ' 6.03(b) (Vernon 2003).





[4]Section
14.004 does not limit the requirement of listing previous filings to state
courts.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.004(a);
see also Houser v. Foy, No. 09-06-00257-CV, 2007 WL 2445940, at *1 (Tex.
App.CBeaumont
Aug. 30, 2007, pet. denied) (mem. op.) (AThe statute does not limit
the required identification of lawsuits to those filed in Texas state courts.@).