

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-08-186-CV

MICHAEL LOU GARRETT                                              APPELLANT

V.

DORSEY RAY TRAPP                                                  APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michael Lou Garrett, a "recreational and abusive litigant,"[2]

appeals from an order dismissing his pro se, in forma pauperis suit brought

under chapter 14 of the civil practice and remedies code against Appellee

------

[1] *See* Tex. R. App. P. 47.4.

[2] A March 18, 2004 federal court order declining to grant Garrett relief from sanctions previously imposed states, "Garrett is a recreational and abusive litigant and has suffered at least five (5) strikes under the Prison Litigation Reform Act ("PLRA") for frivolous filings."

Dorsey Ray Trapp. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.001–.014 (Vernon 2002). In three issues, Garrett argues that the trial court erred and abused its discretion by dismissing his suit and by denying his motion for sanctions. We will affirm.

Garrett is an inmate at the Allred Unit of the Texas Department of Criminal Justice. Trapp is the District Clerk of Wichita County. On March 7, 2008, Garrett sued Trapp, complaining of numerous acts or omissions allegedly committed by Trapp in relation to Trapp's handling of matters concerning one or more other lawsuits filed by Garrett. Garrett included with his petition an "Affidavit Relating to Previous Filings by Plaintiff." The affidavit states that Garrett filed previous lawsuits in state court on March 4, 2004; December 12, 2005; February 14, 2006; April 28, 2006; February 26, 2007; September 4, 2007; December 21, 2007; and February 13, 2008. The affidavit further states that Garrett filed previous lawsuits in federal court in March 1997 and on October 17, 1997; December 17, 1997; February 19, 1998; April 30, 1998; August 28, 1998; May 10, 1999; August 28, 2000; January 31, 2002; and April 4, 2003. The affidavit sets forth other information related to the lawsuits as required by chapter 14.

Trapp filed a motion to dismiss Garrett's claims, arguing that Garrett failed to provide a complete affidavit in compliance with section 14.004 of the

2

civil practice and remedies code and that the claims are frivolous under section 14.003(a)(2). Garrett filed a response that included a motion for sanctions pursuant to chapter 10 of the civil practice and remedies code. On April 23, 2008, the trial court signed an order granting Trapp's motion and dismissing Garrett's case with prejudice.

In his first and second issues, Garrett argues that the trial court erred and abused its discretion by dismissing his claims and lawsuit pursuant to sections 14.004(a)(1) and 14.003(a)(2) of the civil practice and remedies code.

Chapter 14 of the civil practice and remedies code governs suits brought by an inmate in which the inmate files an affidavit or unsworn declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a); *Garrett v. Williams*, 250 S.W.3d 154, 157 (Tex. App.—Fort Worth 2008, no pet.). The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Garrett*, 250 S.W.3d at 157; *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). The purpose of chapter 14 is not to punish inmates for filing claims, but to aid the court in determining whether an inmate's claim is frivolous. *Garrett*, 250 S.W.3d at 157.

An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought and (2) describing each suit that was previously brought by, among other things, stating the operative facts for which relief was sought and stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under section 13.001 or section 14.003 or otherwise. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(1), (a)(2)(A), (D). The purpose of the section 14.004 affidavit is to enable the trial court to determine, based on the previous filings, whether the pending lawsuit is frivolous because it is substantially similar to a prior claim filed by the inmate. *Spurlock v. Johnson*, 94 S.W.3d 655, 657–58 (Tex. App.—San Antonio 2002, no pet.).

A court may dismiss a claim if the court finds that the allegation of poverty in the affidavit or unsworn declaration is false, if the claim is frivolous or malicious, or if the court finds that the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew[3] was false. Tex. Civ.

---

[3] A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his

4

Prac. & Rem. Code Ann. § 14.003(a). In determining whether a claim is frivolous or malicious, the court may consider, among other things, whether the claim's realistic chance of ultimate success is slight and whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id*. § 14.003(b)(1), (4). When an inmate fails to provide the information required by section 14.004(a)(2), the trial court is entitled to assume that the current suit is substantially similar to a previous claim. *Samuels v. Strain*, 11 S.W.3d 404, 406–07 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

We review a trial court's dismissal of an inmate's claim under chapter 14 under an abuse of discretion standard. *Garrett*, 250 S.W.3d at 158; *Bishop*, 131 S.W.3d at 574. A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). We will affirm the dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ denied); *Rhodes v. Poland*, No. 12-08-00060-CV, 2008 WL 4491468, at *1–2

---

conduct or that the circumstances exist. Tex. Penal Code Ann. § 6.03(b) (Vernon 2003).

(Tex. App.—Tyler Oct. 8, 2008, no pet. h.) (affirming trial court's order—which dismissed inmate's chapter 14 suit as frivolous—on the ground that government code section 508.0441 does not conflict with article IV, section 11 of the Texas constitution).  Trial courts are given broad discretion to determine whether an inmate's in forma pauperis suit should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants.  *Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ).

Here, Trapp attached as an exhibit to his motion to dismiss a 2003 federal court order denying Garrett's motion for leave to file suit.  The order states in part the following:

> The Court takes judicial notice of the contents of the U.S. Party/Case Index for Michael Lou Garrett TDCJ-ID #258594 and notes that GARRETT has sustained at least five dismissals which fulfill the "three strikes" provision of the PLRA.  Cause no. 99-41449 was dismissed by the United States Court of Appeals for the Fifth Circuit as frivolous; cause no. 3:97-CV-0705 was dismissed by the United States District Court for the Southern District of Texas, Galveston Division, on June 10, 1999, as frivolous; cause no. 3:98-CV-0097 was dismissed by the United States District Court for the Southern District of Texas, Galveston Division, on December 6, 1999, as frivolous; cause no. 3:7-CV-0156 was dismissed by the United States District Court for the Southern District of Texas, Galveston Division, on May 27, 1998;

6

and cause no. 99-40796 was dismissed by the United States Court of Appeals for the Fifth Circuit on May 10, 2000, as frivolous.

Trapp also attached to his motion a 2004 federal court order (in cause number 2:03-MC-0012) declining to grant Garrett relief from sanctions previously imposed. The order states that in addition to previously filed habeas corpus petitions in cause numbers 2:01-CV-0209 and 2:03-MC-0002, Garret had also submitted habeas corpus petitions in cause numbers 2:03-MC-0013, 2:04-MC-002, and 2:04-MC-0003. The order mentioned that Garrett had used habeas corpus forms in an attempt to circumvent the "three strikes" bar in cause number 2:01-CV-0035.

Garrett acknowledged in his petition that he was required to file an affidavit relating to previously filed lawsuits. In his affidavit, he declared, certified, and verified under penalty of perjury that the affidavit is true and correct. Although Garrett listed multiple lawsuits that he had filed in state and federal court, he did not identify and include a description of cause numbers 2:03-MC-0013, 2:04-MC-0002, 2:04-MC-0003, 2:01-CV-0035, 3:98-CV-0097, and 2:03-MC-0012.[4] Because those cause numbers were not included

---

[4] Section 14.004 does not limit the requirement of listing previous filings to state courts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a); *see also Houser v. Foy*, No. 09-06-00257-CV, 2007 WL 2445940, at *1 (Tex. App.—Beaumont Aug. 30, 2007, pet. denied) (mem. op.) ("The statute does not limit the required identification of lawsuits to those filed in Texas state

in the affidavit, Garrett did not include the information required by chapter 14 describing the previous lawsuits, including the operative facts for which relief was sought. Garrett also failed to mention in the affidavit that at least two of the lawsuits that he filed had been dismissed as frivolous.

Because Garrett failed to include in his affidavit the information required by section 14.004(a)(2), the trial court could have assumed that Garrett's suit was substantially similar to a previous claim and, consequently, exercised its broad discretion and dismissed Garrett's in forma pauperis suit on the ground that the claims were frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2); *Samuels*, 11 S.W.3d at 407; *Montana*, 894 S.W.2d at 814–15; *see also Carson v. Walker*, 134 S.W.3d 300, 302–03 (Tex. App.—Amarillo 2003, pet. denied) (affirming trial court's dismissal of appellant's in forma pauperis suit). Considering Garrett's acknowledgment in his petition of the requirement that he file an affidavit of previously filed suits, his declaration, certification, and verification that the affidavit is true and correct, the 2004 federal court order stating that Garrett had attempted to circumvent the federal "three strikes" rule before, and his failure to submit an affidavit accurately setting forth "each suit . . . previously brought by" him, the

_____

courts.").

8

trial court also could have exercised its broad discretion and dismissed Garrett's in forma pauperis suit on the ground that Garrett filed an affidavit required by the chapter that he knew was false. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(3). Accordingly, we hold that the trial court did not abuse its discretion by dismissing Garrett's claims against Trapp. We overrule Garrett's first and second issues.

In his third issue, Garrett argues that the trial court erred and abused its discretion by denying his motion for sanctions. He contends that Trapp's motion to dismiss was frivolous and that he was entitled to sanctions pursuant to chapter 10 of the civil practice and remedies code. Having determined that the trial court did not abuse its discretion by dismissing Garrett's claims against Trapp, we further hold that the trial court did not err and abuse its discretion by denying Garrett's motion for sanctions. We overrule Garrett's third issue.

Having overruled Garrett's issues, we affirm the trial court's order dismissing Garrett's suit against Trapp.

PER CURIAM

PANEL: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: December 4, 2008