Affirmed and Memorandum Opinion
filed July 15, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00325-CV



Todd W.
Altschul, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 278th District Court

Walker County, Texas

Trial Court
Cause No. 24,379



 

MEMORANDUM OPINION 

Appellant, Todd W. Altschul, an indigent inmate in
the Texas Department of Criminal Justice (“TDCJ”), Correctional Institutions
Division, appeals from an order dismissing his suit against the State of Texas
under Chapter 14 of the Texas Civil Practice and Remedies Code.  On appeal,
appellant contends (1) an order granting habeas relief and vacating an order of
commitment to Texas Youth Commission supports his claim for damages under the
wrongful imprisonment statutes; (2) Chapter 14 does not apply to his wrongful
imprisonment claim; (3) the trial court abused its discretion by dismissing his
claim; (4) the trial court abused its discretion by failing to rule on his
motion for production of records; and (5) the wrongful imprisonment statute is
constitutionally infirm.  We affirm.

Factual and Procedural Background

Appellant, an inmate in the TDCJ,[1] filed a
claim for wrongful imprisonment under Chapter 103 of the Texas Civil Practice
and Remedies Code.  Appellant’s claim was filed pro se, in forma pauperis. 
According to his petition, a trial court granted habeas corpus relief and dismissed
a 1989 order committing appellant to the Texas Youth Commission (“TYC”). The
court granted the relief because the jury in the juvenile proceedings found
appellant not responsible for his delinquent conduct under section 55.51 of the
Texas Family Code, yet the trial court disregarded the jury’s verdict and committed
him to TYC.  Appellant filed suit against the State, asserting that the habeas
corpus relief granted by the trial court entitled him to compensation for
wrongful imprisonment for the term he served in TYC.

The trial court dismissed with prejudice appellant’s
wrongful imprisonment suit as frivolous.  In its order, the trial court stated: 
“After reviewing [the State’s motion to dismiss], Plaintiff’s Petition, and
Chapter 14 of the Tex. Civ. Prac. &
Rem. Code, the Court finds that said dismissal is mandatory, and should
be in all things granted.”  Appellant filed this pro se appeal shortly
after the trial court dismissed his suit.

Discussion

Although appellant has raised six issues on appeal,
we only address those necessary for disposition of this case.

I.         Does
Chapter 14 apply to an inmate’s suit for wrongful imprisonment?

In both the trial court and on appeal, appellant
contends that Chapter 14, the Inmate Litigation Act, does not govern his suit
for compensation for wrongful imprisonment under Chapter 103 of the Civil
Practice and Remedies Code.[2]
 We disagree.

This allegation simply is not supported by the plain
language of the chapter.  Section 14.002 provides: 

This chapter applies only to a suit brought by an inmate in
a district, county, justice of the peace, or small claims court in which an
affidavit or unsworn declaration of inability to pay costs is filed by the
inmate.

Tex. Civ. Prac. & Rem.
Code § 14.002(a) (Vernon 2002).  Because appellant is an inmate who has filed
suit in a district court with an affidavit of inability to pay costs, Chapter
14 applies to his claim.  See id.  Indeed, the legislature enacted
Chapter 14 to control the flood of frivolous lawsuits filed in Texas courts by
prison inmates. McCollum v. Mt. Ararat Baptist Church, Inc., 980 S.W.2d
535, 537 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  

Had the legislature wished to exclude Chapter 103 wrongful-imprisonment
claims from the requirements of Chapter 14, it would have done so.  In fact,
the legislature has indicated its willingness to exempt certain types of suits
from the requirements of Chapter 14 by explicitly stating that the chapter does
not apply to actions brought under the Family Code.  Tex. Civ. Prac. & Rem.
Code § 14.002(b).  

Accordingly, we conclude that appellant was required
to comply with Chapter 14, and overrule this issue.  We next turn to appellant’s
issues regarding the trial court’s dismissal of his suit under Chapter 14.

II.        Did the trial court abuse is
discretion in dismissing appellant’s suit under Chapter 14?

            We review a trial
court’s decision to dismiss a lawsuit brought by an inmate under Chapter
Fourteen for an abuse of discretion.  Retzlaff v. Tex. Dep’t of Criminal
Justice, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied). A trial court abuses its discretion when it acts without reference to
any guiding rules or principles. Cire v. Cummings, 134 S.W.3d 835, 838–39
(Tex. 2004).  

When an inmate fails to comply with the affidavit
requirements of section 14.004, the trial court may assume that the current
suit is substantially similar to one previously filed by an inmate and thus is
frivolous.  See Samuels v. Strain, 11 S.W.3d 404, 407 (Tex. App.—Houston
[1st Dist.] 2000, no pet.); Bell v. Tex. Dep’t of Criminal Justice, 962
S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  Section
14.004 requires an inmate to file an affidavit of previous filings that:

(1) identif[ies] each suit, other than a suit under the
Family Code, previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an inmate
at the time the suit was brought; and

(2) describ[es] each suit that was previously brought by:

(A) stating the operative facts
for which relief was sought;

(B) listing the case name, cause
number, and the court in which the suit was brought;

(C) identifying each party named
in the suit; and

(D) stating the result of the
suit, including whether the suit was dismissed as frivolous or malicious under
Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem.
Code § 14.004(a).  

Here, appellant filed an affidavit purportedly complying
with this section that lists only two previous filings.  However, appellant did
not (a) describe the operative facts of one of the cases included in the
affidavit or (b) list the case name and cause number or identify the parties in
the other. Cf. Samuels, 11 S.W.3d at 405, 407 (concluding that trial
court did not abuse its discretion in dismissing inmate’s claim because, inter
alia, inmate failed to list the operative facts or identify the parties in
one of the cases included in his affidavit). Furthermore, in his claim,
appellant stated that he has initiated numerous “rounds” of habeas corpus
petitions and identifies a published opinion that he alleges held he could
attack his Texas Youth Commission adjudication through a habeas proceeding.  He
also describes at least two petitions for writs of mandamus in his pleading.  None
of these previous filings are included in his affidavit.  

Under these circumstances, the trial court was
entitled to presume the instant suit was substantially similar to one of his
previous filings and dismiss it as frivolous.  See id. at 407; Bell,
962 S.W.2d at 158.  We thus overrule his issue regarding dismissal of
his suit under Chapter 14, and do not reach his issues relating to the merits
of his Chapter 103 claims.[3]
 

Conclusion

            Having considered
and overruled those issues necessary to the disposition of this appeal, we
affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.









[1]
According to the State, appellant was originally incarcerated in the TDCJ for
burglary, but committed additional offenses while incarcerated.  He is
currently serving two concurrent sentences for possession of a deadly weapon in
a penal institution.  





[2]
Chapter 103 provides for compensation for persons wrongfully imprisoned.  As is
relevant here, a person is entitled to compensation if he has been granted
relief on the basis of actual innocence of the crime for which he was
sentenced.  Tex. Civ. Prac. & Rem. Code § 103.001(a) (Vernon 2005).  As
noted above, appellant stated that the habeas relief was granted because the
jury found him not responsible for his delinquent conduct due to mental illness
or mental retardation.  See Tex. Fam. Code § 55.51(a) (Vernon 2008).  He
thus was not granted relief on the basis of actual innocence.  





[3]
See Tex. R. App. P. 47.4 (stating that when issues are settled, court
should write a brief memorandum opinion no longer than necessary to advise the
parties of the court’s decision and the basic reasons for it).