# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00742-CV

**Juan Roberto Rodriguez, Appellant**

**v.**

**Texas Department of Criminal Justice and Texas Board of Pardons and Paroles, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-12-00077, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Juan Roberto Rodriguez filed a petition in the trial court alleging fraud, tortious interference with a contract, and special damages, claims related to whether he should be serving a twenty-year sentence or a twenty-five year sentence.[1]  He argued that his classification by appellees the Texas Department of Criminal Justice and the Texas Board of Pardons and Paroles conflicts with the judgment signed by the trial court.  Appellees responded and filed a motion to dismiss the suit as frivolous under chapter 14 of the civil practice and remedies code.  Appellees noted that Rodriguez had not filed (1) an affidavit providing information about other lawsuits he had brought while an inmate or (2) an affidavit stating the dates on which he filed a grievance and received a written decision.  *See* Tex. Civ. Prac. & Rem. Code §§ 14.004, .005.  Two months

---

[1]  Rodriguez asserts that he pled guilty to arson in exchange for a twenty-year sentence but that appellees have classified him as serving a twenty-five-year sentence.

later, the trial court dismissed the suit "for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code." Rodriguez appeals, complaining that the court abused its discretion in dismissing the suit, thus depriving him of due course of law, and that the trial court should have construed a letter he wrote to appellees ten days before filing his suit as a grievance.

Rodriguez's suit is subject to the requirements of chapter 14. *See id.* § 14.002(a) (chapter 14 applies to suit brought by inmate in which inmate files affidavit or declaration of inability to pay costs). Therefore, Rodriguez was required to file an affidavit describing any previous lawsuits, other than actions under the family code. *See id*. § 14.004(a). However, despite the State's pointing out the omission two months before the suit was dismissed, Rodriguez did not remedy the error by filing a previous-lawsuits affidavit.[2] Thus, the trial court did not abuse its discretion in dismissing the lawsuit. *See Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.) ("Failure to fulfill those procedural requirements [of chapter 14] will result in dismissal of an inmate's suit."); *Josey v. Bell Cnty. Law Enforcement Ctr.*, No. 03-02-00612-CV, 2003 WL 1088450, at *1 (Tex. App.—Austin Mar. 13, 2003, pet. denied) (mem. op.) (when inmate does not file proper affidavit or declaration related to previous lawsuits, "dismissal is not an abuse of

---

[2] Nor did Rodriguez file an affidavit stating whether he filed a grievance related to his claim, although he did file a response asserting that his claim was not subject to the grievance process. Because Rodriguez's suit was properly dismissed due to his failure to file the required section 14.004 affidavit, we need not decide whether his claim, the underlying issue of which is whether he was sentenced to twenty or twenty-five years, is subject to the grievance process. *See* Tex. Civ. Prac. & Rem. Code § 14.005(a) (if claim "is subject to the grievance system established under Section 501.008, Government Code," inmate must file affidavit showing exhaustion of grievance process); Tex. Gov't Code § 501.008 (TDCJ shall develop grievance system to be exclusive administrative remedy for claims arising against TDCJ while inmate is in TDCJ facility, "other than a remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate to" TDCJ).

discretion"); *Samuels v. Strain*, 11 S.W.3d 404, 406-07 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (inmate did not provide specifics about earlier civil suit in previous-lawsuits affidavit, and court held that because inmate "did not comply with the mandatory requirements of section 14.004(a)(2) with regard to suit H-96-2744, the trial court could have properly assumed this suit was 'substantially similar' to the previous suit and, therefore, frivolous"). We overrule Rodriguez's first issue. Because dismissal was proper based on his failure to file the previous-lawsuits affidavit, we need not decide his remaining issues. We affirm the trial court's judgment dismissing Rodriguez's suit for failure to comply with chapter 14. We dismiss Rodriguez's pending motions.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed: July 31, 2014